Craig Cunningham,
3000 Custer Road, ste 270-206
Plano, Tx 75075
615-348-1977, Projectpalehorse@hushmail.com

*Plaintiff, Pro-se*

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 9 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
Central District of California (Western Division-Los Angeles)

Craig Cunningham

          Plaintiff,

   v.

Technologic USA, Inc., et al

          Defendant.

Case 2:19-cv-05597-FMO-MRW

**PLAINTIFF'S NOTICE OF MOTION FOR DEFAULT JUDGMENT BY THE COURT**

JUDGE FERNANDO OLGUIN
Magistrate Judge: Hon. Michael Wilner

Time: 10:00am
Place: 350 W. 1st 6D

- 1 -
CASE NO. 2:19-cv-05597-FMO-MRW
PLS.' NOTICE MOT. DEFAULT J. CT.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON October 3rd, 2019, 10:00AM or as soon thereafter as this matter may be heard by the above-entitled Court, located at Roybal Federal Building and United States Courthouse, 350 W. 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, Plaintiff Cunningham will present Plaintiff's Motion for Default Judgment by the Court.

Pursuant to Rule 55(b)(2) for a sum certain and requests a hearing to determine damages, Plaintiff will move the Court to enter default judgment against Defendant Technologic USA, Inc and in favor of (i) Plaintiff Craig Cunningham in the amount of $886,500, (ii) Plaintiff Cunningham in the amount of $475 for costs. Plaintiff will base their motion on the attached memorandum of points and authorities, the attached declarations of Craig Cunningham, the pleadings and other papers on file in this action and any oral argument the Court may allow.

RESPECTFULLY SUBMITTED AND DATED this 28th Day of August 2019

By:     /s/ Craig Cunningham Plaintiff, Pro-se

1
2
3

Craig Cunningham,
3000 Custer Road, ste 270-206
Plano, Tx 75075
615-348-1977, Projectpalehorse@hushmail.com

4

*Plaintiff, Pro-se*

5
6
7
8

## UNITED STATES DISTRICT COURT
### Central District of California (Western Division-Los Angeles)

9
10
11
12
13
14

Craig Cunningham

           Plaintiff,

v.

Technologic USA, Inc., et al

           Defendant.

Case 2:19-cv-05597-FMO-MRW

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BY THE COURT**

JUDGE FERNANDO OLGUIN
Magistrate Judge: Hon. Michael Wilner

15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

I.    STATEMENT OF ISSUES TO BE DECIDED ...................................................... 1

II.   STATEMENT OF RELEVANT FACTS .......................................................... 1

III.  ARGUMENT AND AUTHORITIES .............................................................. 3

  A.   The Court Has Jurisdiction and Service of Process Was Proper ................... 3

    i.    Subject Matter Jurisdiction ........................................................................ 4

    ii.   Personal Jurisdiction ................................................................................. 4

    iii.  Service of Process .................................................................................... 11

  B.   The *Eitel* Factors Weigh in Favor of Granting Default Judgment in the Case at Bar .. 11

    i.    Without a Default Judgment, Plaintiff Will Be Unfairly Denied Relief ........................ 12

    ii.   The Complaint States Each Element of the Three Prima Facie TCPA Claims ............. 12

    iii.  The Sum of Money at Stake Is Appropriate for Default Judgment ............................ 15

    iv.   A Dispute Concerning Material Facts Is Unlikely ............................................. 16

    v.    The Default Was Not Due to Excusable Neglect ............................................. 16

    vi.   There Is No Likelihood of a Decision on the Merits .......................................... 17

  C.   The Relief Sought Is Documented in Detail and Appropriate Under the Circumstances .................................................................... 17

    i.    Damages ............................................................................................... 17

    ii.   Costs .................................................................................................... 19

IV.   CONCLUSION ..................................................................................... 19

- ii -

CASE NO. 2:19-cv-05597-FMO-MRW
MEM. P. & A. SUPP. PLS.' MOT. DEFAULT J. CT.

1

**TABLE OF AUTHORITIES**

2

**Cases**

3   *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768 (11th Cir. 2011) ........................................ 14

4   *Am. Auto. Ass'n, Inc. v. Darba Enters., Inc.*, No. C 09-00510 SI, 2009 U.S. Dist. LEXIS 37564

5          (N.D. Cal. Apr. 21, 2009) ............................................................................................... 5, 6

6   *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960

7          (D. Ariz. Mar. 6, 2014) ...................................................................................................... 7

8   *Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082 (9th Cir. 2000) .......................................... 4

9   *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR) (MDG), 2013 U.S. Dist. LEXIS 124933

10         (E.D.N.Y. Aug. 30, 2013) ................................................................................................. 7

11   *Calder v. Jones*, 465 U.S. 783 (1984) .......................................................................................... 4

*Charkchyan v. EZ Capital, Inc.*, No. 2:14-cv-03564-ODW(ASx), 2015 U.S. Dist. LEXIS 76560

12         (C.D. Cal. June 11, 2015) ................................................................................................. 11

13   *Charvat v. NMP, Ltd. Liab. Co.*, 656 F.3d 440 (6th Cir. 2011).................................................. 15

14   *Charvat v. Ryan*, 879 N.E.2d 765 (Ohio 2007) .................................................................. 14, 15

15   *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ............................................ 5

16   *Cunningham v. First Class Vacations, Inc.*, Civil No. 3:16-cv-2285 (M.D. Tenn. Mar. 1, 2018) 12

*Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978)....................................................................... 9

17   *DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013 U.S. Dist. LEXIS 46096

18         (N.D. Cal. Mar. 28, 2013) ................................................................................................ 12

19   *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ...................................................................... 5

20   *Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986) ......................................................................... 2

21   *Drew v. Lexington Consumer Advocacy, LLC*, No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS

22         52385 (N.D. Cal. Apr. 18, 2016) ........................................................... 7, 9, 10, 13, 15

23   *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ..................................................................... 8, 13

24   *Glencore Grain Rotterdam B.V. v. Shuvnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) 3

25   *Gordon v. DTE Energy*, 680 F. Supp. 2d 1282 (W.D. Wash. 2010) ........................................ 5, 6

*Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166

26         (N.D. Cal. Aug. 19, 2013)................................................................................................. 12

27

28

*Hudak v. Berkley Grp., Inc.*, No. 3:13-cv-00089-WWE, 2014 WL 354676 (D. Conn. Jan. 23, 2014) ................................................................................................................................. 7

*In re Tuli*, 172 F.3d 707 (9th Cir. 1999) ................................................................................ 2

*j2 Glob. Communs., Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 U.S. Dist. LEXIS 1616 (N.D. Cal. Jan. 5, 2009) ................................................................................................... 5

*Jones v. Royal Admin. Servs.*, No. 15-17328, 2018 U.S. App. LEXIS 8587 (9th Cir. Apr. 4, 2018) .................................................................................................................................. 11

*L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795 (9th Cir. 2017) .................................... 10

*Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514 (N.D. Cal. July 14, 2014) ........... 7

*Mabeza v. Ashfield Mgmt. Servs., LLC*, No. 17-cv-1946-AJB-KSC, 2018 U.S. Dist. LEXIS 45849 (S.D. Cal. Mar. 20, 2018) .............................................................................. 9, 12, 13

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) ..................................................... 3

*O'Connor v. Lyft, Inc.*, No. 16-cv-00351-JSW, 2016 U.S. Dist. LEXIS 153705 (N.D. Cal. Apr. 14, 2016) ........................................................................................................................... 16

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ................................... 6

*Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083 (N.D. Cal. 2008) ........ 13

*PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..................... 9, 12

*Righetti v. Auth. Tax Servs.*, LLC, No. C-14-0146 EMC, 2015 U.S. Dist. LEXIS 87400 (N.D. Cal. July 6, 2015) .................................................................................. 9, 10, 11, 14

*Robbins v. Coca-Cola-Co.*, No. 13-cv-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725 (S.D. Cal. May 22, 2013) ....................................................................................................................... 9

*Roylance v. ALG Real Estate Servs.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 (N.D. Cal. Mar. 16, 2015) ..................................................................................... 14, 16

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) .............................. 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...................... 3

*Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995 (N.D. Cal. 2001) ............. 2

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987) ............................... 8, 12

*Trindade v. Reach Media Grp., LLC*, No. 5:12-cv-04759-PSG, 2014 U.S. Dist. LEXIS 98180 (N.D. Cal. July 18, 2014) ......................................................................................... 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wash. Dep't of Revenue v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048 (W.D. Wash. 2003) ............................................................................................................................ 4

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006) .................................. 4

**Statutes**

137 Cong. Rec. 30,821 (1991) .................................................................................................. 15

28 U.S.C. § 1331 ........................................................................................................................ 3

28 U.S.C. § 1367 ........................................................................................................................ 3

28 U.S.C. § 1920 ...................................................................................................................... 16

47 U.S.C. § 227 .......................................................................................................................... 6

47 U.S.C. § 227(b)(1)(A) ......................................................................................................... 10

47 U.S.C. § 227(b)(1)(B) .................................................................................................... 10, 11

47 U.S.C. § 227(b)(3) ............................................................................................................... 14

47 U.S.C. § 227(c) ............................................................................................................... 10, 11

47 U.S.C. § 227(c)(5) ............................................................................................................... 14

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .................................................................................. 3

Cal. Code Civ. Proc. § 1021.5 ................................................................................................. 16

**Rules**

Fed. R. Civ. P. 4(h) .................................................................................................................... 7

Fed. R. Civ. P. 54(c) ................................................................................................................. 16

Fed. R. Civ. P. 54(d) ................................................................................................................. 16

Fed. R. Civ. P. 55(b)(2) .............................................................................................................. 2

N.D. Cal. Civ. L.R. 54-3 ........................................................................................................... 16

**Regulations**

47 C.F.R. § 64.1200(c)(2) ......................................................................................................... 11

47 C.F.R. § 64.1200(e) ............................................................................................................. 11

*In re: Dynasty Mortgage L.L.C.*, 22 FCC Rcd. 9453 (2007) .................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided by the Court are (1) whether and (2) in what amounts to enter default judgment against Defendant Technologic USA, Inc., and in favor of Plaintiff Craig Cunningham ("Cunningham") under FRCP 55(b)(2).

Relief sought includes a damages award of $886,500 or $4,500 per call for violations of 47 USC 227(c)(5) entitling the Plaintiff to $1500 per call and 47 USC 227(b), entitling the Plaintiff to $1500 per call and $1500 for violating the Texas Business and Commerce code 305.053 and an award of Costs of $450 representing the filing fee and costs of service.

## II.      STATEMENT OF RELEVANT FACTS

<u>Liability</u>: Defendant is in the business of providing illegal telemarketing calls to known bad actors selling a variety of services to include Google listing services, alarm services, Multi-level-marketing Get rich quick schemes, travel clubs, individuals engaging in Medicare fraud, and other illegal services to tens of millions of consumers across the country who have not consented to receive such solicitations, including Plaintiff. Compl. ¶¶ 24, Dkt. No. 1. To be clear, the defendants are not a service that is on occasion being used improperly. The dialing service was purpose built and designed to service and conceal illegal telemarketers and facilitate the deluge of billions of illegal telemarketing calls being placed across the country every month. Multiple clients of the defendants have been sued by and settled with the Federal Trade Commission for making illegal regulatory calls as well as state and local regulatory agencies. The Defendant uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers. *Id.* ¶ 22. Defendant called Plaintiff's residential and cellular telephone lines, without his consent, with autodialed and prerecorded calls ("robocalls"). *Id.* ¶ 24, Ex G to this motion. Plaintiff Cunningham has identified multiple clients of the Defendants that have been sued multiple times by the Federal Trade Commission among other entities.

<u>Jurisdiction</u>: Plaintiff recieved hundreds telemarketing robocalls, while the defendant resides in, is owned and controlled by, and operated by an individual in this District calling from

- 1 -

California phone numbers.

The sole corporate officer, Julie K. Bridge lives and resides in this district and operated and controlled Technologic USA from this district at all times relevant to the complaint. Julie Bridge listed herself as the " Sole Owner" for the company and recieved payments from the company in California and resides in Upland, CA 91786.  As an example, on July 18, 2018, Julie Bridge withdrew from an account ending in 8060 signing a bank slip, (Ex A) and according to the signature cards for the account (Ex B) is the "Sole Owner" of the company and listed her address as Upland, CA. Julie Bridge is listed as the "Key Executive with Control of the Entity" on the signature card under "Owner/Key individual information" Also, according to the bank records obtained, there were transactions that occured in California, such as on 6/15/2018, there was a deposit in branch on 5625 E. Santa Ana Canyon Road., Anaheim, CA of $3,000. (ex C)

Injury: The Plaintiff did not consent to these calls. *Id.* ¶¶ Comp 24 & affidavit. Nevertheless, the calls continued—at least 198 in total. *Id.* ¶ 24 and Exhibit G .  Mr. Cunningham was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number . *Id.* ¶ 39; Cunningham Decl. ¶ 7-11. Mr. Cunningham's private life and business affairs were interrupted by Defendant's robocalls hundreds of times. *Id.* ¶ 7-11. Defendant's conduct distracted Plaintiff from enjoying his gym workouts, private calls with friends and family, and general life. The calls were an unfair nuisance and harassment. *Id.* 7-11

Damages: Of these 198 known calls by Defendant to Plaintiff:

- 198 were not necessitated by an emergency, *id.* ¶ Comp ¶¶ 24;
- 198 were telemarketing, *id Comp Id.* ¶¶ *24.*;
- 198 were robocalls initiated using an automated telephone dialing system, *id.* Comp ¶¶ 24;
- 198 used a prerecorded voice, *id.* ¶ 24;
- 198 were made without maintaining an internal do-not-call policy, *id. Id.* ¶¶ 27-28;
- 198 were to Cunningham, *id.* ¶¶ 24, Ex G

- 2 -

CASE NO. 2:19-cv-05597-FMO-MRW
MEM. P. & A. SUPP. PLS.' MOT. DEFAULT J. CT.

1        Procedural history: On June 27, 2019, Plaintiff filed his complaint, alleging violations of

2    the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations

3    promulgated thereunder. *Id.* ¶¶ 1. On August 8th, 2019, Plaintiff moved for entry of default.

4    Dkt. No. 8. On August15th, 2019, the clerk entered default. Dkt. No. 9 and August 15th, 2019,

5    the Court orderd Plaintiff to file the present motion and serve it, along with the Court's order, on

6    Defendant. *Id.* Dkt. No.10 According to the Wyoming Secretary of State, Technologic USA,

7    Inc., has been a defunct corporation not in good standing inWyoming since June 9th of 2016 (Ex

8    D)

9    ### III.    ARGUMENT AND AUTHORITIES

10       Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a

11   case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp.

12   2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.*

13   (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). As a threshold matter, a court

14   must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over

15   the parties and ensure the adequacy of service on the defendant. *In re Tuli*, 172 F.3d 707, 712

16   (9th Cir. 1999).

17   **A. The Court Has Jurisdiction and Service of Process Was Proper**

18       The Court has federal-question subject matter jurisdiction over Plaintiff' TCPA claims

19   and specific and general personal jurisdiction over Defendant due to its Nationwide

20   telemarketing originating from California, using California caller ID's, and involving California

21   based telemarketers using the dialing platform. Further, despite its failure to maintain an up-to-

22   date address or proper corporate presence with the Wyoming Secretary of State Defendant was

23   duly served with process in accordance with the requirements of Federal Rule of Civil Procedure

24   4 upon corporate officer/Sole owner Julie Bridge on July 20th 2019 via personal service, and a

25   copy of the summons and complaint was mailed. dkt 6. Plaintiff also served the Wyoming

26   Secretary of State via process server dkt 7 out of an abundance of caution, given that the

27   registered agent officially resigned and attempted service at the last known address with a

28

process server in Wyoming according to the address listed on the most recent bank statements.

### i.   Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

### ii.   Personal Jurisdiction

The Court has specific personal jurisdiction and general jurisdiction over Defendant because the constitutional requirements of purposeful direction, relatedness and fair play are satisfied.

**This court has General Jurisdiction over the Defendant.** The Defendant's business is at home in California as they are owned, controlled, operated from California, and the sole corporate officer Julie Bridge has lived at all times relevant to the complaint in California, is licensed as a realtor in California, since 2004, according to the California Department of Real Estate (Ex E), owned real estate in California at all times relevant to the complaint, and operated the business Technologic USA, Inc., from California at all times relevant to the complaint and continues to do so to this day from California. In this case, the Defendant corporation engaged in continous and systematic business contacts within and from California by placing telemarketing calls from California using California phone numbers.

**This court has specific jurisdiction over the Defendant.**

Although formed out of state, even if the court were to not hold that it had General jurisdiction over the defendant, specific personal jurisdiction exists. Where no applicable federal statute addresses the issue, the district court applies the law of the state in which it is located to establish personal jurisdiction. *Glencore Grain Rotterdam B.V. v. Shuvnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). "California's long-arm permits the exercise of jurisdiction to the limits of due process." *Id.* The analysis asks whether (1) Defendant purposefully directed its activities to California or a resident thereof; (2) the claims arise out of or relate to Defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and

substantial justice, i.e., is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004). The record shows that all three elements are satisfied.

   ***First***, Defendant purposefully directed its activities to and from California, is controlled from California and does business in California, and placed multiple calls from California phone numbers, which constitutes purposeful direction towards the forum state of California. The "effects" test is satisfied by (1) an intentional act by the defendant (2) expressly aimed at California, (3) causing harm that the defendant knows will likely be suffered in California. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). This test does not require the defendant's physical presence in California, provided the defendant's efforts are purposefully directed to forum residents. *Wash. Dep't of Revenue v. www.dirtcheapcig.com, Inc.*, 260 F. Supp. 2d 1048, 1051 (W.D. Wash. 2003) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

Multiple courts in California have ruled that by using an area code of a forum state, an entity is purposefully availing themselves of the laws of the state by calling into a forum state's area codes. Similarly here, by calling from California phone numbers, the Defendant has purposefully directed their actions towards the forum state of California.

In Moser v Health Insurance Innovations, Case No. 3:17-cv-1127-WQH-KSC, S.D Cal, 2018 the court held: "The effects test is satisfied by a plaintiff's uncontroverted allegation that a defendant violated the TCPA by calling a phone number with a forum state area code.[1] In such a case, the plaintiff's TCPA claim "arises out of or relates to the defendant's forum-related activities[] and [] the exercise of jurisdiction comport[s] with fair play and substantial justice, i.e. it [is] reasonable." *Mavrix*, 647 F.3d at 1227-28 (9th Cir. 2011).[2] The Court concludes that it has personal jurisdiction over Nationwide. *See Drew v. Lexington Consumer Advocacy, LLC*, No. 16-CV-00200-LB, 2016 WL 1559717, at *3 (N.D. Cal. Apr. 18, 2016); Rinky Dink, Inc. v. Elec. Merch. Sys., Inc., No. C13-01347-JCC, 2014 WL 12103245, at *2 (W.D. Wash. Nov. 4, 2014); Luna v. Shac, LLC, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014); Baker v. Caribbean Cruise Line, Inc., No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014); Ott v.

- 5 -

CASE NO. 2:19-cv-05597-FMO-MRW
MEM. P. & A. SUPP. PLS.' MOT. DEFAULT J. CT.

1    Mortg. Inv'rs Corp. of Ohio, 65 F.Supp.3d 1046, 1057 (D. Or. 2014); Heidorn v. BDD Marketing &

2    Management Company, LLC, Case No. C-13-00229 JCS, 2013 WL 6571629, 8 (N. D. Cal.

3    August 19, 2013); j2 Global Communications, Inc. v. Blue Jay, Inc., No. C-08-4254-PJH, 2009

4    WL 29905, at *10 (N.D. Cal. Jan. 05, 2009)."

5    Another relevant case is Luna v. Shac, LLC, No. C14-00607 HRL, 2014 WL 3421514, at *3 (N.D. Cal.

6    July 14, 2014). In Luna, the court conducted a "Purposeful Direction" analysis and found: "The Court

7    agrees with Luna that where Shac intentionally sent text messages directly to cell phones with

8    California based area codes, which conduct allegedly violated the TCPA and gave rise to this

9    action, Shac expressly aimed its conduct at California. Likewise, Shac knew that the alleged

10   harm caused by the text messages it sent to California cell phones was likely to be suffered in

11   California. Accordingly, the "effects" test is satisfied, and Luna has met its burden of

12   demonstrating that Shac purposefully directed its activity at the forum state."

13   and: "When Shac intentionally sent unsolicited text messages advertising Sapphire to California

14   cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity

15   to California such that Shac is reasonably subject to the personal jurisdiction of this Court. This

16   finding is consistent with several district courts who have found the exercise of specific personal

17   jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's

18   cell phone. See Heidorn v. BDD Marketing & Mgmt. Co., No. C-13-00229 JCS, 2013 WL

19   6571629 (N.D. Cal. Aug. 19, 2013) (exercising personal jurisdiction over out-of-state defendant

20   who contacted plaintiff's California cell phone in violation of the TCPA); Baker v. Carribean

21   Cruise Line, Inc., No. CV 13-8246-PCT-PGR, 2014 WL 880634 (D. Ariz. Mar. 6, 2014) ("[The]

22   complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that

23   Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are

24   the basis for Plaintiff's claims."); Branham v. ISI Alarms, Inc., No. 12-CV-1012

25   (ARR)(MDG), 2013 WL 4710588 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is essentially a

26   strict liability statute . . . defendants reasonably should have anticipated that the use of [an

27   automated] system to call a New York cell-phone number could subject them to being held into

28

1   court in New York."); *Hudak v. Berkeley Group, Inc.*, No. 3:13-cv-00089-WWE, 2014 WL

2   354676 (D. Conn. Jan. 23, 2014) (finding "purposeful availment" prong satisfied where

3   defendants allegedly caused calls to be made to plaintiff cell phone in violation of the TCPA).

4   Accordingly, Shac's motion to dismiss for lack of personal jurisdiction is DENIED"

5   By calling using California area codes, the Defendants expressly aimed their conduct at

6   California and could reasonably subject them to being haled into a California court.

7   <u>Calls to the Plaintiff from California phone numbers</u>

8   Similarly, the Plaintiff recieved at least 17 different phone calls from 10 different caller ID's

9   over just a 2 year period from California phone numbers of the following prefixes:

| | | | | | |
|---|---|---|---|---|---:|
| 01/05/2015 | 4:48:00 PM | 7073462155 | 6152129191 | Technologic, LLC | 12 |
| 05/13/2015 | 7:46:00 PM | 7602014410 | 6152129191 | Technologic, LLC | 12 |
| 06/20/2015 | 2:08:00 PM | 7279980960 | 6152129191 | Technologic, LLC | 12 |
| 07/08/2015 | 4:56:00 PM | 4152756518 | 6152129191 | Technologic, LLC | 66 |
| 07/08/2015 | 5:09:00 PM | 4152756518 | 6152129191 | Technologic, LLC | 12 |
| 07/14/2015 | 12:04:00 AM | 5106940117 | 6152129191 | Technologic, LLC | 12 |
| 07/14/2015 | 12:05:00 AM | 5106940117 | 6152129191 | Technologic, LLC | 12 |
| 07/17/2015 | 12:04:00 AM | 4152756534 | 6152129191 | Technologic, LLC | 1620 |
| 07/17/2015 | 12:17:00 AM | 4152756534 | 6152129191 | Technologic, LLC | 42 |
| 07/21/2015 | 7:16:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 07/23/2015 | 3:35:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 03/22/2016 | 2:09:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 04/14/2016 | 2:04:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 282 |
| 04/21/2016 | 2:16:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 144 |
| 05/03/2016 | 2:09:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 96 |
| 08/09/2016 | 2:03:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 08/09/2016 | 6:16:00 PM | 7273251105 | 6152129191 | Technologic, LLC | 12 |

22       <u>Intentionality</u>: Here, Defendant made *telemarketing* robocalls to Plaintiff. Compl. ¶ 24.

23   The fact that the defendants allowed their corporation to lapse while continuing to do business,

24   and the clients that utilize Technologic as an illegal dialing platform leaves little doubt that they

25   were intentional. Further confirming that the calls were no accident, Defendant placed no less

26   than *198* of them to Plaintiff. *Id.* ¶ 41. Additionally, looking at the clients of Technologic USA,

27   which have been repeatedly sued by the FTC and other state regulatory agencies indicates that

28

1    Technologic is intentionally and knowingly was used to make illegal telemarketing calls.

2        Express aiming: The express aiming "requirement is satisfied when the defendant is

3    alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to

4    be a resident of the forum state." *Bancroft & Masters v. Augusta Nat'l*, 223 F.3d 1082, 1087 (9th

5    Cir. 2000). Here, Defendant's intentional acts included more than 198 telemarketing robocalls to

6    Plaintiff Cunningham from a business operated in California from California phone numbers,

7    Compl. ¶ Exhibit G. Defendant's intentional acts further included telemarketing robocalls to

8    Plaintiff using phone numbers bearing California area codes. *Id.* ¶¶ Ex G

9        Foreseeable harm: The third and final element of purposeful direction is met because

10   Defendant reasonably knew that the harm from its illegal telemarketing from a California

11   business, using California phone numbers *id.* ¶ Ex G and by calling from California phone

12   numbers would be felt in California. The intentional, expressly aimed acts—the calls—are the

13   very basis of the liability and damages in this case. *See Gordon v. DTE Energy*, 680 F. Supp. 2d

14   1282, 1286 (W.D. Wash. 2010); *j2 Glob. Communs., Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH,

15   2009 U.S. Dist. LEXIS 1616, at *26-27 (N.D. Cal. Jan. 5, 2009) (Defendant knew or should have

16   known that his conduct would cause plaintiff to suffer harm in California.).

17       ***Second***, the constitutional requirement of relatedness is satisfied for reasons similar to

18   those for which the foreseeability sub-test of the purposeful-direction test is met. Because

19   Plaintiff would not have been injured but for Defendant's California-related conduct, relatedness

20   is satisfied. *See Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) ("but for" test). But for

21   Defendant's calls from a California business, from a California businessperson and from

22   California phone numbers, Compl. ¶¶ 24, (Ex G) the TCPA violations alleged herein would not

23   have occurred, *id.* ¶¶ 26-32, and Plaintiff would not have been bombarded, surprised, frustrated,

24   interrupted, harassed, distracted from their clients and subjected to a nuisance, *id.* ¶¶ 24,36-40

25       ***Third***, the jurisdictional element of fair play is satisfied because requiring Defendant to

26   defend in California is not unreasonable. Once Plaintiff have made a prima facie showing that

27   specific jurisdiction exists, the burden shifts to Defendant to "present a compelling case that the

28

1    presence of some other considerations would render jurisdiction unreasonable." *Am. Auto. Ass'n,*

2    *Inc. v. Darba Enters., Inc.*, No. C 09-00510 SI, 2009 U.S. Dist. LEXIS 37564, at *17 (N.D. Cal.

3    Apr. 21, 2009) (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir.

4    1993)).  Defendant has failed to carry this burden.

5         Seven factors are balanced to determine if the exercise of jurisdiction is unreasonable: (1)

6    the extent of purposeful interjection by the defendant into the forum, (2) the burden on the

7    defendant of defending in the forum, (3) the extent of conflict with the sovereignty of the

8    defendant's home state, (4) the forum state's interest in adjudicating the dispute, (5) the most

9    efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff

10   interests in convenient and effective relief, and (7) the existence of an alternate forum. *Gordon*,

11   680 F. Supp. 2d at 1286. Here, these factors fail to establish unreasonableness.

12        <u>Purposeful interjection</u>: Defendant purposefully interjected itself into California for the

13   same reasons that the intentionality and express-aiming prongs of the purposeful-direction test

14   are satisfied, as discussed above.

15        <u>Burden on defendant</u>: Defendant must show that the inconvenience of litigating in

16   California is "so great as to constitute a deprivation of due process" so as to "overcome clear

17   justifications for the exercise of jurisdiction." *Am. Auto. Ass'n*, 2009 U.S. Dist. LEXIS 37564, at

18   *18 (quoting *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)). Here, the

19   burden of defending in California, rather than in Wyoming, is slight. *See Am. Auto. Ass'n*, 2009

20   U.S. Dist. LEXIS 37564, at *6 ("[A]dvances in technology and discounted airfare do not make it

21   unreasonable for defendant to litigate in California.").

22        <u>Sovereignty</u>: Few, if any, sovereignty concerns are implicated by California's exercise of

23   personal jurisdiction over Defendant. The TCPA is a federal statute. 47 U.S.C. § 227.

24        <u>Interest of forum state</u>: California has a strong interest in protecting California businesses

25   and consumers from nonconsensual telemarketing robocalls knowingly targeting them in

26   California from California area codes.

27        <u>Efficient resolution</u>: When evaluating this factor, courts focus on "the location of the

28                                             - 9 -

1  evidence and the witnesses. It is no longer weighed heavily given the modern advances in

2  communication and transportation." *Am. Auto. Ass'n*, 2009 U.S. Dist. LEXIS 37564, at *20

3  (citing *Panavision*, 141 F.3d at 1323). The Defendant's documents are generally in the forum

4  state. It is likely that many of Defendant's documents are in California as well, most of this

5  evidence is likely electronically stored and thus efficiently transferrable. Defendant's deposition

6  would be taken in California. Accordingly, the Central District of California is an efficient forum

7  for this case.

8     Burden on plaintiff to litigate elsewhere: Plaintiff, although a Texas resident, Compl. ¶ 1

9  is not a California resident , he has no connection to Wyoming, the state of Defendant's former

10  citizenship, *id.* ¶ 2. Plaintiff would be unreasonably burdened by having to litigate there or

11  elsewhere outside of California.

12     Alternate forum: Defendant has failed to establish the proprietary of an alternate forum.

13     Thus, courts in the Ninth Circuit and throughout the country have found the exercise of

14  specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls

15  made to a plaintiff's phone in the forum state—as in the case at bar. *E.g.*, *Drew v. Lexington*

16  *Consumer Advocacy, LLC*, No. 16-cv-00200-LB, 2016 U.S. Dist. LEXIS 52385, at *7 (N.D. Cal.

17  Apr. 18, 2016) ("[The defendant] purposefully directed its activities [to] and availed itself to the

18  benefits of California law by sending the alleged text messages to [the plaintiff]."); *Luna v. Shac,*

19  *LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014); *Baker v.*

20  *Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, at *5-6

21  (D. Ariz. Mar. 6, 2014); *Hudak v. Berkley Grp., Inc.*, No. 3:13-cv-00089-WWE, 2014 WL

22  354676, at *2-3 (D. Conn. Jan. 23, 2014); *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR)

23  (MDG), 2013 U.S. Dist. LEXIS 124933, at *28 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is

24  essentially a strict liability statute . . . defendants reasonably should have anticipated that the use

25  of [an automated] system to call a New York cell-phone number could subject them to being

26  haled into court in New York." (internal quotation marks and alteration marks omitted)).

27

28

### iii. Service of Process

Under the Federal Rules of Civil Procedure, Defendant was properly served with process. Under Federal Rule of Civil Procedure 4(h), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Additionally, on July 20th, 2019, Plaintiff process server served the complaint, summons and other initiating papers on Defendants corporate officer personally. Aff. Service, Dkt. No. 6. On July 9th, 2019 the process server then mailed a copy to Defendant served the Wyoming Secretary of State and attempted service at the last known business address in Wyoming. Further still, a letter containing the complaint was mailed certified mail on July 9th 2019. Aff. Service, Dkt 7. Thus, Plaintiff effected service under Rule 4(h).

The reason that service occurred at a different address than that listed in the complaint, *see* Compl. ¶ 2 ("can be served at 109 E. 17th Street ste 5039, Cheyenne, WY 82001"), is that Defendant has failed to maintain an up-to-date address with the Wyoming Secretary of State and based on their address listed on their bank records, the Plaintiff attempted service at 109 E 17th Street, ste 5039 as well as 1621 Central Ave., Cheyenne, WY 82001. *Compare* Cunningham Decl. ¶ & Ex. D (1621 Central Ave., Cheyenne, WY 82001 on Department of State's website), *with id.* & Ex. Dkt 7, page 4 (process server's affidavit of due diligence stating "Corporation is no longer at address and has no registered agent").

### B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment in the Case at Bar

In the Ninth Circuit, a court analyzes the following "*Eitel* factors" in determining whether to grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of

1         a dispute concerning material facts[,] (6) whether the default was

2         due to excusable neglect, and (7) the strong policy underlying the

3         Federal Rules of Civil Procedure favoring decisions on the merits.

4  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). Under this rubric and

5  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (at default judgment, all

6  factual allegations in complaint accepted as true, except those allegations relating to amount of

7  damages), the Court should grant default judgment against Defendant and in favor of Plaintiff.

8         **i.**    **Without a Default Judgment, Plaintiff Will Be Unfairly Denied Relief**

9         The first *Eitel* factor considers whether Plaintiff will suffer prejudice if a default

10  judgment is not entered. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D.

11  Cal. 2002). Here, Defendant was made aware of its unlawful conduct when it was personally

12  served with the summons and complaint. Dkt. No. 6 and 7. Nevertheless, it failed to appear and

13  defend against this action. In the absence of a default judgment, Plaintiff will be unfairly

14  prejudiced because they will be unable to obtain a decision on the merits and will be effectively

15  denied all relief. *Mabeza v. Ashfield Mgmt. Servs., LLC*, No. 17-cv-1946-AJB-KSC, 2018 U.S.

16  Dist. LEXIS 45849, at *3-4 (S.D. Cal. Mar. 20, 2018); *Lexington Consumer Advocacy*, 2016

17  U.S. Dist. LEXIS 52385, at *9-10; *Trindade v. Reach Media Grp., LLC*, No. 5:12-cv-04759-

18  PSG, 2014 U.S. Dist. LEXIS 98180, at *6 (N.D. Cal. July 18, 2014).

19         Moreover, "the TCPA expressly provides for the award of statutory damages, which

20  further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's

21  conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth.*

22  *Tax Servs.*, LLC, No. C-14-0146 EMC, 2015 U.S. Dist. LEXIS 87400, at *6 (N.D. Cal. July 6,

23  2015).

24         The first factor, therefore, weighs in favor of the entry of a default judgment.

25         **ii.  The Complaint States Each Element of the Three Prima Facie TCPA**

26             **Claims**

27         The second and third *Eitel* factors favor default judgment where the complaint

28                           - 12 -

sufficiently states a claim for relief under the "liberal pleading standards embodied in rule 8" of the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-cv-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, at *7 (S.D. Cal. May 22, 2013). Here, Plaintiff have alleged and supported their three TCPA claims with more than adequate specificity. *Compare Ex G* ¶ tbl. (date, caller ID, called number, and sworn testimony authenticating the business records from phone service provider Connexum that has Technologic as a client for every one of the 198 calls on which this motion is based, See Christopher Hall Deposition page 16, lines 16-23, page 8, lines 1-8, pages 11, line 23-25, page 12, lines 1-25, page 21, line 22-25, page 22, lines 7-18); *and* Cunningham Decl. ¶ page 1 para 19-26; *with Auth. Tax Servs.*, 2015 U.S. Dist. LEXIS 87400, at *7-8 ("The factual allegations in Righetti's complaint are detailed, including the specific telephone numbers Authority Tax apparently called her from, and the precise date she received these calls."). In particular, Plaintiff have adequately and specifically stated claims for:

- first, non-emergency robocalls to cellular telephones in violation of 47 U.S.C. § 227(b)(1)(A), Compl. ¶¶ First Count for relief;
- second, non-emergency robocalls to residential telephones in violation of 47 U.S.C. § 227(c)(5), Compl. ¶¶ Second Count for relief; and
- third Count for relief, State law violations of the Texas Business and Commerce code 305.053.

Claim one: The elements of the first claim are: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or artificial or prerecorded voice]; (3) without the recipient's prior express consent." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803-04 (9th Cir. 2017); *see also* 47 U.S.C. § 227(b)(1) ("It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system

1   or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular

2   telephone service."). "Prior express consent" under the TCPA must be "clearly and unmistakably

3   stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). Plaintiff'

4   complaint pleads each element of the first claim: (1) Defendant called a cellular telephone

5   number, Compl. ¶¶ 26 & Ex G, (2) using an automatic telephone dialing system or artificial or

6   prerecorded voice, *id.* ¶¶ 26 & Ex G, (3) without the recipient's prior express consent, *id.* ¶¶ 26

7   & Ex G.; *see Lexington Consumer Advocacy*, 2016 U.S. Dist. LEXIS 52385, *15-16 (when

8   defendant fails to provide any evidence of consent, plaintiff's claims of lack of consent suffice at

9   default judgment); *Charkchyan v. EZ Capital, Inc.*, No. 2:14-cv-03564-ODW(ASx), 2015 U.S.

10  Dist. LEXIS 76560, at *7-8 (C.D. Cal. June 11, 2015) ("Prior express consent of the called party

11  is an affirmative defense for which the defendant bears the burden of proof." (internal quotation

12  marks omitted)). Moreover, Plaintiff' complaint pleads the absence of an emergency, *id.* ¶ 31,

13  and the presence of the parties in the United States during the calls, *id.* ¶¶ 1.

14      Claim two: The elements of the Second claim are: (1) the defendant called a residential

15  telephone number (2)  at least twice in any 12-month period (3) for initiating any telemarketing

16  solicitation. (4) without maintaining minimum procedures for maintaining a list of person who

17  request not to receive telemarketing calls made by or on behalf of the person or entity, with a

18  minimum of: 1- A written policy. 2- Training of personnel engaged in telemarketing 4-

19  Identification of sellers or telemarketers  47 U.S.C. § 227(c); *Jones v. Royal Admin. Servs.*, No.

20  15-17328, 2018 U.S. App. LEXIS 8587, at *7-8 (9th Cir. Apr. 4, 2018); 47 C.F.R. §

21  64.1200(c)(2), and *Charvat v*. NMP, LLC, 656 F.3d 440 (6th Cir. 2011).

22  (e) (DNC regulations also applicable to calls to wireless telephone numbers). Plaintiff' complaint

23  pleads each element of the third claim: (1) Defendant called Plaintiff Cunningham's residential

24  telephone number, Compl. ¶¶ 26-28 Ex G, (2) More than twice in a 12 month period, *id.* ¶¶ 26-

25  28 Ex G, (3) for the purpose of telemarketing solicitation  *id.* ¶¶ 24, 26-28 Ex G, (4) without

26  maintaining any of the required procedures of 47 CFR 64.1200(d) 1,2, or 4. *id.* ¶¶ 27-28.

27      Claim three: The elements of the second claim are: (1) the defendant called a residential

28

1    telephone number, (2) using an artificial or prerecorded voice, (3) without the recipient's prior

2    express consent. 47 U.S.C. § 227(b)(1)(B). Plaintiff' complaint pleads each element of the

3    second claim: (1) Defendant called a residential telephone number, Compl. ¶¶ 27, 39-40, 46 tbl.,

4    (2) using an artificial or prerecorded voice, *id.* ¶¶ 1, 39-40, 46 tbl., (3) without the recipient's

5    prior express consent, *id.* ¶¶ 39 & 46 tbl.

6

7              **iii. The Sum of Money at Stake Is Appropriate for Default Judgment**

8              "[T]he sum of money at stake in this action is particularly appropriate for resolution on

9    default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, 2015

10   U.S. Dist. LEXIS 87400, at *7 (TCPA). That general rule is so even for judgments approaching

11   one million dollars or more. *DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013

12   U.S. Dist. LEXIS 46096, at *34-35 (N.D. Cal. Mar. 28, 2013).

13             Thus, in TCPA cases, a high six-figure demand does not cause the sum-at-stake factor to

14   weigh against granting default judgment. *Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229

15   JCS, 2013 U.S. Dist. LEXIS 177166, at *29-30 (N.D. Cal. Aug. 19, 2013). Indeed, courts around

16   the country have granted six-figure default judgments in TCPA cases. *E.g.*, *Cunningham v.

17   Enagic USA, Inc.*, Civ. Case No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.) (Dkt. No. 274)

18   (granting $259,500 default judgment allocated across several defendants, including $195,000

19   allocated to two defendants jointly and severally); *Cunningham v. Montes*, No. 16-cv-761-jdp,

20   2017 U.S. Dist. LEXIS 111115, at *6 (W.D. Wis. July 18, 2017) ($176,450), *rev'd on other

21   grounds*, 883 F.3d 688 (7th Cir. 2018), *Cunningham v Select Student Loan Help, LLC* 3:15-cv-

22   0554, (M.D. Tennessee, June 28th 2018), default judgment of $249,000 .

23             When plaintiff plead revoked consent, courts find that treble damages are appropriate at

24   default judgment. *Mabeza*, 2018 U.S. Dist. LEXIS 45849, at *8. *A fortiori*, when, as here,

25   Plaintiff plead the absence of any consent in the first place, Compl. ¶ 24, and the purpose built

26   illegal telemarketing design of the company warrants treble damages are appropriate to deter

27   further illegal telemarketing. The Plaintiff notes that all of the clients of Technologic are illegal

28                                          - 15 -

telemarketers that have had regulatory action taken against them by the FTC, and multiple state regulatory bodies for illegal telemarketing.

Courts have also found treble damages appropriate in TCPA cases at default judgment when defendants have called plaintiff an outrageous number of times. *E.g.*, *Cunningham v. First Class Vacations, Inc.*, Civil No. 3:16-cv-2285, at *3 (M.D. Tenn. Mar. 1, 2018) (recommending award of treble damages, $49,500 in total, based in part on volume of calls). In *First Class Vacations*, the volume of calls was 33. *Id.* Here, it is 198. Compl. ¶ 46.

### iv.  A Dispute Concerning Material Facts Is Unlikely

There are no disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff have alleged sufficient facts to support their claims, as shown above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against it. Dkt. No. 9. The result is that all well-pleaded facts (except as to damages) are taken as true. *TeleVideo*, 826 F.2d at 917-18. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against Defendant.

### v.  The Default Was Not Due to Excusable Neglect

In *Eitel*, there was both a factual dispute and excusable neglect. *Eitel*, 782 F.2d at 1472. There, the defendant disputed material facts in the (untimely) answer and counterclaim. *Id.* Moreover, the defendant's response was late because the parties had previously agreed to "what appeared to be a final settlement agreement" and the defendant "reasonably believed that the litigation was at an end." *Id.* Because of his reasonable reliance and prompt response when the agreement dissolved, the defendant's failure to respond timely appeared due to excusable neglect. *Id.*

Here, there is no indication that Defendant allowed its default to be taken as a result of excusable neglect. As discussed above, despite Defendant's failure to maintain their legal status with the Wyoming Secretary of State and keep the Secretary of state apprised of its address, Plaintiff' process server located and served Defendant via corporate officer. After being served

- 16 -

with the complaint, Defendant simply failed to respond or even participate in defending itself.

Plaintiff' counsel has not heard from Defendant or counsel representing it. Cunningham Decl. ¶

page 2. There is no basis for finding that Defendant's neglect was excusable. Consequently, this

factor weighs in favor of the entry of default judgment. *See Mabeza*, 2018 U.S. Dist. LEXIS

45849, at *10-11 (when nothing suggests excusable neglect, factor weighs in favor of default

judgment).

### vi.  There Is No Likelihood of a Decision on the Merits

Although default judgment is disfavored, a decision on the merits is impractical, if not

impossible, when the defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C.*

*Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendant has failed to

respond, the general preference for resolution on the merits is not equally applicable. *Mabeza*,

2018 U.S. Dist. LEXIS 45849, at *11; *Lexington Consumer Advocacy*, 2016 U.S. Dist. LEXIS

52385, at *28 ("[The defendant] has failed to respond, correspond with the court, or otherwise

mount any form of defense despite being served with the relevant papers. Because of its refusal

to participate, litigation on the merits does not appear possible. This factor consequently supports

default judgment.").

Thus, the weight of the *Eitel* factors favors the entry of default judgment in this case.

### C.  The Relief Sought Is Documented in Detail and Appropriate Under the Circumstances

#### i.   Damages

The damages sought in this cases are specified by statute, documented in detail, and

warranted by the facts and circumstances of the case.

On a motion for default judgment in a TCPA case, a plaintiff's "burden to prove up the

amount of damages is minimal because the TCPA provides for the award of statutory damages."

*Auth. Tax Servs.*, 2015 U.S. Dist. LEXIS 87400, at *8. This conclusion is unchanged by the

number of calls for which damages are sought. *Id.* at *9 (what matters is whether the prima facie

elements are pleaded for each violation, not the number of violations).

1    As discussed above in the context of the sum-at-stake *Eitel* factor, treble damages of

2    $1,500 per violation are warranted here because Defendant's violations were knowing or willful.

3    47 U.S.C. § 227(b)(3); *id.* § 227(c)(5). Intent to violate the statute is not required for treble

4    damages. *Roylance v. ALG Real Estate Servs.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS

5    44930, at *31-34 (N.D. Cal. Mar. 16, 2015); *see also Alea London Ltd. v. Am. Home Servs.*, 638

6    F.3d 768, 776 (11th Cir. 2011) (malice and wantonness not required). So long as the defendant

7    knows the facts underlying the offense, it can be held liable for treble damages—ignorance of

8    the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when

9    the defendant made just one illegal call and made a good-faith attempt to comply with the law.

10   *Id.* at 768. "The TCPA is neither a criminal nor a highly technical statute and thus ignorance of

11   the law is no defense." *Id.* at 770.  Similarly, the FCC, the agency vested by Congress with

12   authority to interpret the TCPA, has ruled that, to be found willful, the "violator need not know

13   that his action or inaction constitutes a violation; ignorance of the law is not a defense or

14   mitigating circumstance." *In re: Dynasty Mortgage L.L.C.*, 22 FCC Rcd. 9453, 9470 ¶ 45 n.86

15   (2007).

16   Here, 198 of the calls occurred with the Defendants on notice that he didn't want to

17   recieve calls through a purpose built illegal dialing platform designed to hide the defendant's

18   conduct. This is the sort of behavior that made the TCPA's sponsor described unwanted

19   robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt

20   our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip

21   the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

22   The foregoing facts and authorities and the table in the complaint, Compl. ¶ 24;

23   Cunningham Decl. ¶ 5, and the Deposition of Christopher Hall (Ex F), and attached spreadsheet

24   of calls from Technologic (Ex G) demonstrate Plaintiff' entitlement to statutory damages as

25   follows:

26

27

| | **Craig Cunningham** | |
| --- | --- | --- |

28

- 18 -
CASE NO. 2:19-cv-05597-FMO-MRW
MEM. P. & A. SUPP. PLS.' MOT. DEFAULT J. CT.

| | Craig Cunningham | |
|---|---|---|
| Claim one, 47 U.S.C. § 227(b)(1)(A) | $1500 x 198 automated calls to the Plaintiff's Phone numbers = $297,000 | |
| Claim two, 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(1),(2),(4) | $1,500 x 198 prerecorded calls to Plaintiff's Phone numbers = $297,000 | |
| Claim three, Texas Business and Commerce Code 305.053 for caller ID spoofing in violation of 47 USC 227 (e)(1) | $1500 x 198 telemarketing calls to the Plaintiff's phone numbers = $297,000 | |
| Total | $891,000 | |

For no call does either Plaintiff claim multiple 47 U.S.C. § 227(b) or multiple 47 U.S.C. § 227(c) violations. For calls that violated both § 227(b) and § 227(c), both violations are claimed, in accordance with the statutory language and case law. *Charvat v. NMP, Ltd. Liab. Co.*, 656 F.3d 440, 447-49 (6th Cir. 2011); *Lexington Consumer Advocacy*, 2016 U.S. Dist. LEXIS 52385, at *32-34; *Roylance*, 2015 U.S. Dist. LEXIS 44930, at *28. For Every call, the Plaintiff claims damages of 47 USC 227(e)(1) which is actionable through Texas state law 305.053 of the business and commerce code.

### ii.  Costs

Plaintiff seek reimbursement of costs totaling $450, representing the $400 filing fee, Dkt. No. 1, and $50 for service of process, Cunningham Decl. ¶ page 2, para 13-15. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d).

### IV.    **CONCLUSION**

Defendant decided to create an illegal telemarketing platform catering to the worst telemarketers in the United States blasting billions of calls across the country for years without their consent. Defendant knew what they were doing, knew it was wrong, and has actively

1   attempted to conceal their activities. Defendant decided not to defend this lawsuit. Accordingly,

2   entry of default judgment against Defendant is appropriate. Plaintiff Cunningham should be

3   awarded $886,500, which was requested in the complaint. Plaintiff miscalculated and omitted a

4   few calls in his demand, and shall not seek more than he originally asked for in the complaint.

5   Plaintiff should be awarded costs of $450. As required by Federal Rule of Civil Procedure 54(c),

6   those amounts do not differ in kind from, or exceed in amount, what is demanded in the

7   pleadings. Compl. ¶¶ D, E, G.

        RESPECTFULLY SUBMITTED AND DATED this 28th day of August 2019

        By:      Craig Cunningham

        *Plaintiff, Pro-se*

UNITED STATES DISTRICT COURT
Central District of California (Western Division-Los Angeles)

Craig Cunningham

              Plaintiff,

     v.

Technologic USA, Inc., et al

            Defendant.

Case 2:19-cv-05597-FMO-MRW

**ORDER ON A MOTION**

JUDGE FERNANDO OLGUIN
Magistrate Judge: Hon. Michael Wilner

**Order on a Motion**

On the foregoing motion for a Default Judgment, the motion is hereby Granted/Denied

Judge_____

Date_____

1   Craig Cunningham,
    3000 Custer Road, ste 270-206
2   Plano, Tx 75075
    615-348-1977, Projectpalehorse@hushmail.com
3
4   *Plaintiff, Pro-se*

5                    UNITED STATES DISTRICT COURT
           Central District of California (Western Division-Los Angeles)
6

7   Craig Cunningham
8                        Plaintiff,                  Case 2:19-cv-05597-FMO-MRW

9          v.                                        **PLAINTIFF'S AFFIDAVIT IN SUPPORT**
                                                     **OF THE PLAINTIFF'S MOTION FOR**
10  Technologic USA, Inc., et al                     **DEFAULT JUDGMENT**

11                       Defendant.                  JUDGE FERNANDO OLGUIN
                                                     Magistrate Judge: Hon. Michael Wilner
12

13

14  My name is Craig Cunningham, and I am the Plaintiff in this case.

15  I am a 2003 graduate of West Point.

16   I served as an active duty Army officer for 5.5 years and left with an honorable discharge.

17
18  I am over the age of 18 and have never been convicted of a felony or crime of moral turpitude.

19  I am making this affidavit based on my personal knowledge and investigation.

20  I am writing this affidavit in support of the Plaintiff's Motion for default Judgment against

21  Technologic USA, Inc.

22  Default was entered against the Defendant Technologic USA, Inc., on 8/15/2019 for the

23  Plaintiff's original complaint Docket 1.
24
25  Defendant has not appeared in this action and has failed to respond to the complaint in the rime

26  permitted by law.

27  The Defaulting party is not a minor or incompetent person.

28                                  - 22 -
                          CASE NO. 2:19-cv-05597-FMO-MRW
                   MEM. P. & A. SUPP. PLS.' MOT. DEFAULT J. CT.

The Servicemembers Civil Relief Act does not apply as the defaulting party is a corporation and not a natural person.

I have not been contacted by the Defendant or anyone representing them.

I have recieved over 198 illegal telemarketing calls to my cell phones in 2015 and 2016 from Technologic USA, Inc.

I previously sued Michael Montes, a known telemarketer who used Technologic USA to make illegal telemarketing calls to myself and in the course of that litigation discovered that a phone company named Connexum was providing long distance calls for Technologic USA, Inc. My attorney in that case deposed the 30(b)(6) corporate representative of Connexum and a true copy of that deposition is included as an exhibit in this case, (Ex F) and an exhibit to that deposition is included, which is a spreadsheet of the calls (Ex G) authenticated as business records in the deposition by the corporate representative of the phone company which lists 198 calls from Technologic USA, Inc., a customer of Connexum. Based on these phone records, I concluded that at least 198 calls were placed by Technologic USA.

These calls and caller ID's do match my phone records and at no time did I ever consent to receive automated calls, calls containing pre-recorded messages, and the identity of the caller wasn't made known during the calls.

The calls interrupted my gym workouts, private time with my family, business interests, and general life for years. I was surprised and frustruated by the persistency of these telemarketers and how determined they were to bother me, so I decided to take action and investigate these illegal activities. I considered the calls to be a nuisance and harassment. At no time was any call ever related to any emergency purpose.

I paid $50 to have Julie Bridge served with a copy of the lawsuit via process server. (Ex H) is a true copy of the receipt.

I paid $400 to file this lawsuit as a filing fee.

I determined that Julie Bridge was the corporate officer based on bank records and a signature card for Technologic which I obtained via subpoena. (Ex B) I also determined that Julie Bridge was receiving payments from Technologic as her fee as a corporate officer at least through June of 2018 (Ex A)

I attempted to serve Technologic via their most recent listed address on the secretary of state's website, upon the secretary of state, and upon the corporate officer Julie Bridge. I was able to effectuate service upon the Secretary of State and the corporate officer. The other addresses were bad addresses and the registered agent resigned.

I have not heard anything from any of the defendants despite the service of process of this lawsuit.

Each of the exhibits are true and correct copies of the originals.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on 8/28/2019

Craig Cunningham

UNITED STATES DISTRICT COURT
Central District of California (Western Division-Los Angeles)

Craig Cunningham

              Plaintiff,

   v.

Technologic USA, Inc., et al

              Defendant.

Case 2:19-cv-05597-FMO-MRW

**PLAINTIFF'S CERTIFICATE OF SERVICE**

JUDGE FERNANDO OLGUIN
Magistrate Judge: Hon. Michael Wilner

I hereby certify that a true copy of the foregoing was sent via USPS first class mail to the Defendants in this case to 1621 Central Ave., Cheyenne, WY 82001.


Craig Cunningham


Plaintif, Pro-se,

3000 Custer Road, ste 270-206 Plano Tx 75075

Exhibit A Checking Account Withdrawl

**Withdrawal**

REDE Page 2 of 2

**1587**

WELLS FARGO

(Check One)   ☒ Checking   ☐ Savings   ☐ Money Market Access   ☐ Command

Account Number

* ████ 8060   Date 7-31-18

Please print: Name   Julie Bridge

Please print: Street Address, City, State, Zip Code

I authorize this withdrawal from the account listed above. Please sign in teller's presence. **Two forms of ID may be required.**

Seven hundred & fifty   **Dollars**   $ 750.00

Bank Use Only (When SVT Is Not Available)   TLR85E6 (04/15)   WF-0115  80069457

| Customer Id: | Exp. date | Token Verified (✓) ☐ | Approval |
|---|---|---|---|
| | | | |

⑈ 1587 ⑈ ⑆ 500000694 ⑆

2447891829

REQUEST 00007417693000000 750.00
ROLL ECIA   20180731  000002447891829
JOB ECIA  E  ACCT 1140007291038060
REQUESTOR A956924
20840070  11/15/2018 Research 20846306

Summons and Subpoenas Department
D1111-016
Charlotte  NC  28201

Wells Fargo Internal Use When Blank.
Wells Fargo Confidential When Completed

Exhibit B Signature Card

# Business Account Application

**WELLS FARGO**

| | |
|---|---|
| **Bank Name:** WELLS FARGO BANK, N.A. | **Store Name:** UPLAND TOWN CENTER |
| **Banker Name:** SAMUEL DJANNIE | **Officer/Portfolio Number:** CB138   **Date:** 05/05/2015 |
| **Banker Phone:** 909/608-2600   **Store Number:** 03962 | **Banker AU:** ▮▮▮▮   **Banker MAC:** ▮▮▮▮ |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only       [ ] New Deposit Account(s) and Business Credit Card

| | |
|---|---|
| **Account 1 Product Name:** Wells Fargo Business Choice Checking | **Purpose of Account 1:** General Operating Account |
| **COID:** 114   **Product:** DDA   **Account Number:** ▮▮8060 | **Opening Deposit:** ▮   **Type of Funds:** CACK |
| **New Account Kit:** ▮▮▮▮ | **Checking/Savings Bonus Offer Available:** NO |

## Related Customer Information

| | |
|---|---|
| **Customer 1 Name:** TECHNOLOGIC USA INC | **Account Relationship:** Sole Owner |
| **Enterprise Customer Number (ECN):** 21802845205 0713 | |
| **Customer 2 Name:** JULIE K BRIDGE | **Account Relationship:** Signer |
| **Enterprise Customer Number (ECN):** 18445411221 1217 | |

## Checking/Savings Statement Mailing Information

| | |
|---|---|
| **Name(s) and Information Listed on Statement:** TECHNOLOGIC USA INC | **Statement Mailing Address:** 116 EUCLID PL |
| | **Address Line 2:** |
| | **City:** UPLAND   **State:** CA |
| | **ZIP/Postal Code:** 91786-6540   **Country:** US |



2W02-000736535206-01

Business Account Application

## Customer 1 Information

| | |
|---|---|
| Customer Name: | Street Address: |
| TECHNOLOGIC USA INC | 1621 CENTRAL AVE |
| Enterprise Customer Number (ECN): | Address Line 2: |
| 218028452050713 | |
| Account Relationship: | Address Line 3: |
| Sole Owner | |

| Taxpayer Identification Number (TIN): | TIN Type: | City: | State: |
|---|---|---|---|
| ████7888 | EIN | CHEYENNE | WY |

| Business Type: | ZIP/Postal Code: | Country: |
|---|---|---|
| Corporation Type S | 82001-4531 | US |

| Business Sub-Type/Tax Classification: | Non-Profit: | Business Phone: | Fax: |
|---|---|---|---|
| Corporation | No | ████-2974 | |

| Date Originally Established: | Current Ownership Since: | Number of Employees: | Cellular Phone: | Pager: |
|---|---|---|---|---|
| 04/24/2015 | | 1 | | |

| Annual Gross Sales: | Year Sales Reported: | Fiscal Year End: | e-Mail Address: |
|---|---|---|---|
| $500,000.00 | 05/05/2015 | | Julie@technologic.com.bz |

| Primary Financial Institution: | Number of Locations: | Website: |
|---|---|---|
| | 1 | |

| Primary State 1: | Primary State 2: | Primary State 3: | Sales Market: |
|---|---|---|---|
| CA | NV | CT | NATIONAL |

| Primary Country 1: | Primary Country 2: | Primary Country 3: |
|---|---|---|
| | | |

Industry:
Information/Media

Description of Business:
Wholesale Telecommunication Services

Major Suppliers/Customers:

## Bank Use Only

| Name/Entity Verification: | Address Verification: | BACC Reference Number: |
|---|---|---|
| Articles of Incorporation | FP/FD | 6151250003166 |

| Document Filing Number/Description: | Filing Country: | Filing State: | Filing Date: | Expiration Date: |
|---|---|---|---|---|
| 2015000685940 | US | WY | 04/29/2015 | |

| Country of Registration: | State of Registration: | International Transactions: | Check Reporting: |
|---|---|---|---|
| US | WY | | NO RECORD |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| TECHNOLOGIC USA INC | No |



2W02-000736535206-02

Business Account Application

## Owner/Key Individual 1 Information

| | |
|---|---|
| Customer Name: | Residence Address: |
| JULIE K BRIDGE | 116 EUCLID PL |
| Business Relationship: | Address Line 2: |
| Key Executive with Control of the Entity | |

| Position/Title: | Date of Birth: | Enterprise Customer Number (ECN): | Address Line 3: |
|---|---|---|---|
| realtor | ██ 1964 | 184454112211217 | |

| Taxpayer Identification Number (TIN): | TIN Type: | City: | | State: |
|---|---|---|---|---|
| ████3995 | SSN | UPLAND | | CA |

| Primary ID Type: | Primary ID Description: | ZIP/Postal Code: | | Country: |
|---|---|---|---|---|
| DLIC | U0106519 | 91786-6540 | | US |

| Primary ID St/Ctry/Prov: | Primary ID Issue Date: | Primary ID Expiration Date: | Check Reporting: |
|---|---|---|---|
| CA | 10/08/2014 | ███/2019 | NO RECORD |

| Secondary ID Type: | Secondary ID Description: |
|---|---|
| OTHR DC | WF VISA |

| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date: |
|---|---|---|
| | | 06/30/2015 |

| Country of Citizenship: | Permanently Resides in US. |
|---|---|
| US | |

2W02-000736535206-03

Business Account Application

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

A. **The Customer's use of any Bank deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

(1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

(2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

(3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

(4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

(1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

(2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

(3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name
JULIE K BRIDGE

Position/Title:
realtor

Owner/Key Individual 1 Signature

☐ Submit manually
☐ Signature not required

Date:
05/05/2015

## Authorized Signers - Signature Capture

Authorized Signer 1 Name
JULIE K BRIDGE

Position/Title:
realtor

Authorized Signer 1 Signature

☐ Submit manually
☐ Signature not required

Date:
05/05/2015



BBG2307 (2-15 SVP)

2W02-000736535206-04

Exhibit D Wyoming Secretary of State Records

8/27/2019                                    Business Entity Detail - Wyoming Secretary of State

**Business Center**

Online Services   Search

# DETAIL           RETURN TO YOUR SEARCH        FILE YOUR ANNUAL REPORT

This detail reflects the current data for the filing in the system.                              Print

**Name**
Technologic USA Inc.

**Filing ID**                         **Status**                                    Fictitious Name
2015-000685940                        Inactive - Administratively Dissolved (Tax)

**Type**                              **Sub Status**
Profit Corporation - Domestic         Archived

                                      **Initial Filing**
                                      04/29/2015

**Standing - Tax**                    **Inactive Date**
Delinquent                            06/09/2016

**Standing - RA**                     **Term of Duration**
Delinquent                            Perpetual

**Standing - Other**                  **Formed In**
Good                                  Wyoming

**Principal Office**                  **Mailing Address**
1621 Central Ave                      1621 Central Ave
Cheyenne, WY 82001                    Cheyenne, WY 82001
USA                                   USA

Additional Details

**Registered Agent:**                 **Latest AR/Year**
No Agent                              **AR Exempt**
No Office                             **License Tax Paid**
Laramie County WY

                                      **Common Shares**
                                      50,000
                                      **Common Par Value**

                                      **Preferred Shares**
                                      **Preferred Par Value**

History

8/27/2019                        Business Entity Detail - Wyoming Secretary of State

## System Archive - 2018-002326591                    Date: 06/11/2018

## RA Resignation - 2017-002188794                    Date: 11/16/2017

## RA Name/Address Change - 2017-002094190            Date: 06/30/2017

## Dissolution / Revocation - Tax - 2016-001914844

Date: 06/09/2016

Filing Status Changed From: Active To: Inactive - Administratively Dissolved (Tax)
Inactive Date Changed From: No Value To: 06/09/2016

## Delinquency Notice - Tax - 2016-001875514          Date: 04/02/2016

## Initial Filing - See Filing ID                     Date: 04/29/2015

Public Notes

No Public Notes Found...

Parties

(Incorporator)                                        Organization:
                                                      WyomingRegisteredAgent.
                                                      Inc
        Address:

Exhibit E Realtor License Julie Bridge

www2.dre.ca.gov/PublicASP/pplinfo.asp?License_id=01467028

# STATE OF CALIFORNIA
# DEPARTMENT OF REAL ESTATE

The license information shown below represents public information taken from the Department of Real Estate(DRE) database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.
Some historical disciplinary action documents may not be in compliance with certain accessibility functions. For assistance with these documents, please contact the Department's Licensing Flag Section.

License information taken from records of the Department of Real Estate on 8/28/2019 11:09:07 AM

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Bridge, Julie Kathryn |
| **Mailing Address:** | 1448 N EUCLID AVE<br>UPLAND, CA 91786 |
| **License ID:** | 01467028 |
| **Expiration Date:** | 03/20/21 |
| **License Status:** | LICENSED |
| **Broker License Issued:** | 12/03/04 |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 1448 N EUCLID AVE<br>UPLAND, CA 91786 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | NO CURRENT BRANCHES |
| **Affiliated Licensed Corporation(s):** | NO CURRENT AFFILIATED CORPORATIONS |
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

Exhibit F Christopher Hall Deposition

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2                WESTERN DISTRICT OF WISCONSIN
 3
 4    CRAIG CUNNINGHAM,              ) NO. 3:16-cv-00761-jdp
                                     )
 5                  Plaintiff,       )
                                     )
 6         v.                        )
                                     )
 7    MICHAEL MONTES, et al.,        )
                                     )
 8                  Defendants.      )
      _____)
 9
10
11
12
                   DEPOSITION OF CHRISTOPHER G. HALL
13
                        Orange, California
14
                        Friday, May 3, 2019
15
16
17
      Reported by:
18    Heidi Hummel-Grant
      CSR No. 12556
19
20
21
22
23
24
25
```

Case: 3:16-cv-00761-jdp   Document #: 170   Filed: 05/13/19   Page 2 of 19

Page 2

```
1        UNITED STATES DISTRICT COURT
2        WESTERN DISTRICT OF WISCONSIN
3
4   CRAIG CUNNINGHAM,        ) NO. 3:16-cv-00761-jdp
                             )
5        Plaintiff,    )
                             )
6        v.                  )
                             )
7   MICHAEL MONTES, et al.,  )
                             )
8        Defendants.   )
   _____)
9
10
11
12
13      Deposition of CHRISTOPHER G. HALL, taken on
14   behalf of Plaintiff, at 1122 East Lincoln Avenue,
15   Suite 203, Orange, California, beginning at 10:13 a.m.
16   and ending at 10:52 a.m., on Friday, May 3, 2019, before
17   Heidi Hummel-Grant, Certified Shorthand Reporter
18   No. 12556.
19
20
21
22
23
24
25
```

Page 4

```
1                 INDEX
2   Witness:
3   CHRISTOPHER G. HALL
4
5   Examination:                    Page
6   BY MR. LEVIN                      5
7   BY MR. TROST                     22
8
9               EXHIBITS
        Description              Page
10
    Exhibit 1  Subpoena to Testify at a Deposition  11
11     in a Civil Action
12  Exhibit 2  Spreadsheet                12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
1   APPEARANCES:
2   For Plaintiff:
3   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
      BY: DAVID B. LEVIN, PRESENT TELEPHONICALLY
4   333 Skokie Boulevard
      Suite 103
5   Northbrook, Illinois 60062
      224.218.0882
6   dlevin@toddflaw.com
7   For Defendant:
8   AXLEY BRYNELSON
      BY: KEVIN D. TROST, PRESENT TELEPHONICALLY
9   2 East Mifflin Street
      Suite 200
10  Madison, Wisconsin 53703
      ktrost@axley.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
1         Orange, California
2    Friday, May 3, 2019, 10:13 a.m. - 10:52 a.m.
3
4         CHRISTOPHER G. HALL,
5    called as a witness by and on behalf of Plaintiff,
6   having been first duly sworn by the Certified Shorthand
7   Reporter, was examined and testifies as follows:
8
9    MR. LEVIN:  Sir, just for the record, if you could
10   please state your full name?
11   THE WITNESS:  Christopher G. Hall, H-A-L-L.
12   MR. LEVIN:  Okay.
13       Let the record reflect this is the deposition of
14   Christopher Hall, pursuant to a subpoena served on
15   Connexum, LLC.
16       This deposition may be used at the trial of the
17   case of Craig Cunningham versus Michael Montes, U.S.
18   District Court, Western District of Wisconsin, Case
19   Number 16-cv-761 [sic].
20            EXAMINATION
21   BY MR. LEVIN:
22   Q  Mr. Hall, have you ever given a deposition
23 before?
24   A  A couple of times.
25   Q  Okay.
```

2 (Pages 2 - 5)

Page 6

1    And under what context were those depositions
2  given?
3    A  They're in civil litigation.
4    I guess I don't quite understand your question.
5    Q  Did they relate to records kept by Connexum?
6    A  No.
7    Q  Did they involve litigation against Connexum?
8    A  Yes.
9    Q  Okay.
10    Well, you heard the court reporter's request of
11 us just a couple of minutes ago.  And you may have heard
12 some of the following instructions I'm going to give you
13 if you have given other depositions in the past.
14    But first of all, it's important -- and she said
15 especially today -- that we try not to talk over each
16 other.  People regularly do that in conversation without
17 thinking about it, but we want to make sure we have a
18 clean record and the court reporter is able to take down
19 everything that everybody is saying.  So I will do my
20 very best not to say anything until you answer your
21 questions [sic], and please let me finish the question
22 before you begin to answer, even if you think you know
23 what it is I'm getting at.
24    If for some reason you can't hear me or my
25 question is not clear, feel free to ask me to repeat the

Page 7

1  question.
2    Make sure, of course, that you keep your answers
3  out loud in a manner that can be taken down by the court
4  reporter.  So you can't say things like um-hum or hum-um
5  that we would normally say in conversation.  If it's,
6  for example, a yes or no question, please just say yes
7  or no.  That will make it very clear.
8    And if at any point you want to take a short
9  break, that's not a problem.  If there's a question
10 pending, I'll ask you to please answer the question and
11 we can take a short break and go off the record if we
12 need to.  Although I don't believe this going to last
13 all that long today.
14    Prior to your deposition today did you review
15 any documents or records to prepare for the deposition?
16    A  Yeah, yes.
17    Q  What did you review?
18    A  I reviewed the subpoena, the various emails that
19 you and I exchanged, as well as the data that was
20 contained in the file I sent you.
21    Q  Okay.
22    And did you discuss this deposition or the
23 records that were produced with anybody before we went
24 on the record here today?
25    A  No.

Page 8

1    Q  Did you have any conversation with Mr. Kettle
2  about whether he knows anything about this case or the
3  parties or the records?
4    A  Well, he knows about the records.  I discussed
5  that with him.
6    Q  Was that within the last few days before the
7  deposition or back when you produced those records for
8  us?
9    A  Both.  I wanted to refresh myself on the records
10 that the query returned.
11    Q  What is your current position with Connexum,
12 your job title?
13    A  I'm the managing member.
14    Q  Do you have ownership interest in the company?
15    A  The company is owned by another company.
16    Q  And what company is that?
17    A  The name of the company is Gawk Incorporated,
18 G-A-W-K.
19    Q  Do you have an ownership interest in Gawk
20 Incorporated?
21    A  I own some stock in that company, yes.
22    Q  Okay.
23    How long have you worked with Connexum?
24    A  Since January of 2016.
25    Q  And how long has Connexum been in business, if

Page 9

1  you know?
2    A  I believe the company was formed around 2011 or
3  2012.  I don't know exactly.
4    Q  Okay.
5    Was 2016 when the company was acquired by Gawk
6  Incorporated?
7    A  Yes.
8    Q  And that's when you began working with Connexum?
9    A  That is correct.
10    Q  Okay.
11    What are your daily duties and responsibilities
12 in relation to the business of Connexum?
13    A  As the managing member I'm involved in most all
14 aspects of the business operation.
15    Q  Okay.
16    And what kind of company is Connexum?  What is
17 its main business?
18    A  Connexum is a telephone services company.
19    Q  What sort of services does Connexum provide?
20    A  There's a family of services, but primarily long
21 distance telephone service to the United States and
22 Canada.
23    Q  And when you say you provide long distance
24 telephone service, you provide that directly to
25 customers and users?

3 (Pages 6 - 9)

Page 10

1   A  We provide it to other telephone companies.
2   Q  Is Technologic one such company?
3   A  Yes.
4   Q  So the other companies who are Connexum's
5 customers are using long distance calling minutes
6 through Connexum's system. Am I describing that
7 correctly?
8   A  You did pretty good, yeah.
9   Q  Okay.
10     Could you maybe explain in a little more detail
11 than that just so we understand the connection?
12   A  Maybe the only thing I would add is that we use
13 voice over IP technology to provide those telephone
14 services.
15   Q  And companies like Technologic pay Connexum for
16 the number of minutes they use in long distance service?
17   A  Typically, yes.
18   Q  Prior to becoming affiliated with Connexum have
19 you worked in other positions within the
20 telecommunication industry?
21   A  Yes, I have.
22   Q  How long have you been in that industry?
23   A  Since 1978.
24   Q  Okay.
25     If you could please take a look at the document

Page 11

1 the court reporter has marked as Exhibit Number 1?
2     (Exhibit 1 was marked for identification by the
3 Certified Shorthand Reporter, a copy of which is
4 attached hereto.)
5   THE WITNESS: I have it.
6   MR. LEVIN:
7   Q  That is the subpoena that we served on your
8 company for the deposition today.
9     If you could please turn to the final page of
10 that document that's labeled Rider to Subpoena for
11 Deposition?
12   A  I have that.
13   Q  Okay.
14     And you see there a list of four topics that we
15 wanted to discuss on the deposition here today?
16   A  I see those.
17   Q  Okay.
18     Would you say that you have personal knowledge
19 that would qualify you to discuss each of those four
20 topics?
21   A  Yes.
22   Q  Okay. Great. Thank you.
23     Now I'd like you to take a look at was
24 previously marked by the court reporter as Exhibit
25 Number 2.

Page 12

1     (Exhibit 2 was marked for identification by the
2 Certified Shorthand Reporter, a copy of which is
3 attached hereto.)
4   THE WITNESS: I have that.
5   MR. LEVIN:
6   Q  Does that appear to you to be a copy of the
7 records Technologic [sic] previously produced to me
8 pursuant a subpoena for documents that was served in
9 this case?
10   A  Yes, these are the call records that Connexum
11 produced in response to the subpoena. This was not
12 produced by Technologic.
13   Q  Correct. Understood.
14     So I will represent to you that all I did was
15 convert that spreadsheet to a PDF so it could be easily
16 sent to the court reporter and printed for the
17 deposition here today.
18     If you can tell me, generally speaking, what do
19 those records represent?
20   A  Each of these records represents a telephone
21 call that transited the Connexum network. The data
22 provided is the date of the call, the time of day the
23 call was commenced, who the call was from, who the call
24 was to, the name of our customer that originated the
25 call and the account bill duration of each call.

Page 13

1   Q  Is that account bill duration in minutes?
2   A  That's a good point. It's in seconds.
3   Q  Okay.
4     Yeah, that makes sense. I guess there would be
5 some very long phone calls here if that was in minutes.
6   A  That's right. 1,992 minutes would be an awfully
7 long phone call.
8   Q  Right. So the column that's labeled from user,
9 that is a number that was -- from which the phone call
10 was placed; is that correct?
11   A  That's the telephone number we received from
12 Technologic as the source telephone number -- or we call
13 it the caller line identifier, CLI -- from where the
14 call was placed.
15   Q  Is that the phone number that would show up on
16 the call recipient's caller ID?
17   A  Yes.
18   Q  And do you have any way to independently verify
19 those numbers, or that's just what's provided through
20 Technologic's records?
21   A  We have no way to verify it. All we do is pass
22 along whatever we get in the voice over IP signaling
23 string from our customer.
24   Q  So essentially Connexum is providing the method
25 to connect the call from the person placing it to the

4 (Pages 10 - 13)

Page 14

1  end user; is that correct?
2    A  We provide the network to do that.  I don't know
3  if that is a method or not.
4    Q  Okay.  Understood.
5      And the column that says to user, that is the
6  phone number which was dialed as the recipient of the
7  call; is that right?
8    A  Correct.
9    Q  Okay.
10     I might comment that to some people you might
11  expect to see a one in front of all these numbers.  The
12  way this data is presented is as the -- the area code
13  and the phone number with no one in the front.  So for
14  example, on the first line, that call was not to Country
15  Code 61; it was to area code (615)212-9191.
16    Q  Understood.
17     It does appear at the bottom of the first page
18  there are three calls where there is a one preceding the
19  615 area code.
20     Is that indicative of anything in particular?
21    A  Nothing in particular.  Sometimes, especially
22  from international customers like Technologic, we'll get
23  the one.  But most of our CDR are just the ten digit
24  without the one.
25    Q  It appears that all of the calls reflected in

Page 15

1  Exhibit Number 2 were placed through the account with
2  your customer Technologic; correct?
3    A  Yes, that's the data you requested in your
4  initial subpoena.
5    Q  You mentioned international customers like
6  Technologic.  Do you know where they're located?
7    A  Panama.
8    Q  How long has Connexum done business with
9  Technologic?
10    A  They were a customer when we acquired Connexum
11  in 2016.  So prior to 2016, I honestly don't know
12  exactly when they started.
13    Q  Do you have any knowledge of the type of
14  customers who use Technologic's calling system?
15    A  No, I don't.
16    Q  So are the individuals at Technologic with whom
17  your company deals all located in Panama?
18    A  To the best of my knowledge, yes.
19    Q  Okay.
20     We had a conversation off the record before we
21  started the deposition today.  So I'm asking you --
22  already knowing the answer to this, but so we have it on
23  the record -- did you actually create the data that is
24  in the spreadsheet marked as Exhibit Number 2?
25    A  No.

Page 16

1    Q  Okay.
2      How was this spreadsheet created?
3    A  Scott Kettle who handles this type of
4  transaction for our company is the one that actually
5  queried this data from the database of all of our,
6  literally, billions of call records.
7    Q  Can you explain for me how that database query
8  is run to come up with the data that is in spreadsheet?
9    A  Yes.  He inputs the date range, which we
10  provided after you gave us the date range that you were
11  looking for, which I think was January 1st through
12  December -- January 1st, 2015, through December 31st,
13  2016, and he takes the customer number and writes a
14  database query that then is run against the pile of data
15  to get the results.
16    Q  So are you saying that this spreadsheet
17  represents the entire universe of calls that were placed
18  to the three telephone numbers listed in the subpoena
19  through Connexum's system between January 1st of 2015
20  and December 31st of 2016?
21    A  That is correct.  It was not limited to a
22  specific account so any calls that transited our network
23  to those three numbers would have been returned.
24    MR. LEVIN:  Hi.  Sorry about that.  I had a
25  connection issue.  I had to drop off the call and

Page 17

1  redial there.
2    THE WITNESS:  No problem.
3      Did you hear my answer?
4    MR. LEVIN:  Yeah, could you please read back the
5  last question and answer?
6    THE REPORTER:  Yes.
7      (The record is read by the reporter.)
8    MR. LEVIN:  Okay.  Thank you.
9    Q  But even though you did not limit the account,
10  it does appear that all of the calls were placed through
11  your company's account with Technologic -- or, I'm
12  sorry, I should say Technologic's account with your
13  company; is that correct?
14    A  That's correct.
15    Q  Is there anything about this spreadsheet as, you
16  look at it, that would give you any reason to doubt the
17  data produced through the query?
18    A  No.
19    Q  Do you know whether Technologic would still have
20  record of any of these telephone calls as we sit here
21  today?
22    A  I don't know.
23    Q  Have you ever discussed with anyone at
24  Technologic how long they maintain those records?
25    A  No.

5 (Pages 14 - 17)

Veritext Legal Solutions

Page 18

1    Q   Are you familiar with the defendant in this case
2  named Michael Montes?
3    A   I know of Mr. Montes.  He has another company
4  called MYADGUYS, I believe.  And as the representative
5  of MYADGUYS, he was a sales agent for Connexum for a
6  period of time prior to when we acquired the company.
7  He's no longer a sales agent for the company.
8    Q   So through the MYADGUYS company Mr. Montes was a
9  sales agent for Connexum.  But that was before your
10  company acquired Connexum?
11    A   Correct.
12    Q   And that his relationship as a sales agent with
13  Connexum terminated prior to you being becoming involved
14  with Connexum?
15    A   The last account that I saw signed up under his
16  agent ID was from 2014.
17    Q   At that time he was operating under the name
18  MYADGUYS.com, LLC?
19    A   That's what our administrative records reflect.
20  Like I said, I wasn't here so I don't know for
21  sure.  All I can do is look at the history.
22    Q   Okay.
23        What sort of records did you see that showed you
24  that?
25    A   The -- the log in the sales agent registration

Page 19

1  database and then the date of the sign up of the two
2  customers the he signed up during that time, 2014.
3    Q   Have you ever heard of a company run by
4  Mr. Montes under the name TollFreeZone.com Incorporated?
5    A   Well, I saw it in your list of questions here.
6    Q   Had you ever heard of it before that?
7    A   No.
8    Q   Do your company's records show having -- that
9  you've done any business with a company by that name?
10    A   We have no such records.
11    Q   Do you know anything about any other type of
12  businesses in which Mr. Montes has been involved other
13  than as a sales agent for Connexum?
14    A   I do not.
15    Q   How would you describe the nature of the
16  business conducted by Technologic?
17    MR. TROST:  Object to foundation.
18    MR. LEVIN:
19    Q   Do you know anything about the nature of
20  business conducted by Technologic?
21    A   Well, they send us phone calls.  That's as much
22  as I know.  I don't know what else they do.  I -- I
23  don't know who else they send phone calls to or from.
24  But they are a customer in good standing with us.
25    Q   Do you know anything about the nature or

Page 20

1  contents of any of the telephone calls reflected in
2  Exhibit Number 2?
3    A   No.
4    Q   Do you know if Mr. Kettle or anyone else at your
5  company has spoken with Michael Montes recently?
6    A   I don't know.
7    Q   And the information in Exhibit Number 2
8  accurately reflects records kept by Connexum in the
9  ordinary course of its business?
10    A   That's correct.
11    Q   And each of these calls that are listed, are
12  they instantly logged into Connexum's records at the
13  date and time the call is placed?
14    A   More or less.  Sometimes there's a little
15  latency in writing CDR records -- we're talking about
16  seconds and -- you know, or maybe a few minutes, purely
17  due to technical data processing transactional delays --
18  but within -- within minutes, you know, and --
19    Q   And that's -- I'm sorry, I didn't mean to
20  interrupt.  Were you finished with your answer?
21    A   Oh, yeah.  Since the last call record was
22  August 11, 2016, I can confidently say that represents
23  any and all records that ever transited our system.
24    Q   And the records are tracked through an automated
25  procedure; correct?

Page 21

1    A   Correct.
2    Q   Okay.
3        No, there's no human intervention in the
4  creation of these records outside of exporting the data
5  to a spreadsheet?
6    A   That's correct.
7    Q   Did Mr. Kettle discuss with you specifically how
8  he went about creating this spreadsheet, or are you just
9  testifying based on your knowledge of how it's done?
10    A   I'm testifying based on my knowledge of how it's
11  done.
12        We do this a couple, two or three times a month.
13  Getting a subpoena for call records is not uncommon here
14  from mostly law enforcement but sometimes also in other
15  civil litigation.  So it's something that we do
16  routinely.
17    Q   The address you provided to my paralegal,
18  1122 East Lincoln Avenue, Suite 203, in Orange,
19  California, is that the current business address of
20  Connexum?
21    A   Yes.
22    Q   And Connexum's system did not reflect any other
23  telephone calls in 2015 or 2016 to any of the three
24  phone numbers listed in the subpoenas outside of those
25  reflected in Exhibit 2; correct?

6 (Pages 18 - 21)

Page 22

1     A   That is correct.
2         MR. LEVIN: Okay.
3         I have nothing further. Mr. Trost may have some
4     questions for you.
5                 EXAMINATION
6     BY MR. TROST:
7     Q   Mr. Hall, it's a pleasure to speak with you.
8     I only have a few questions for you.
9     A   That's a pleasure to hear.
10    Q   I want to make sure I understand what Exhibit 2
11    contains.
12        My understanding is that the calls listed on
13    Exhibit 2 represent long distance calls made to three
14    specific phone numbers between January of 2015 and
15    December of 2016, and the calls associated are with --
16    well, those are calls that went through Connexum's
17    system; is that right?
18    A   That's right.
19    Q   Okay.
20    And just to be sure, Connexum does not know who
21    actually made the calls; correct?
22    A   That's correct. We don't know -- nothing in the
23    data stream we get tells us that. All we know is the
24    caller ID that the call came from.
25    Q   Right. The caller ID and the account that it's

Page 23

1     associated with?
2     A   Correct.
3     Q   And Connexum doesn't know the substance of the
4     calls, itself, just the duration in terms of seconds?
5     A   That is correct. In fact, we have no way to
6     know the audio content of the call. It's technically
7     impossible.
8     Q   Now, with respect to Technologic, LLC, which is
9     the account listed for all these calls, is there a
10    mailing or physical address associated with that
11    account?
12    A   Yes, we've got an address in our customer record
13    file, which I think I provided to Mr. Levin before. But
14    I'll be happy to give it to you again now. Please
15    standby while I look it up.
16        Avenue Samuel Luis, then Y like and in Spanish,
17    Calle, C-A-L-L-E, 58, in Panama City, Panama.
18    Q   Great. Thank you.
19        Do you or Connexum have any knowledge whether
20    Technologic, LLC, which is listed under the account
21    heading on Exhibit 2, is associated with a company
22    called Technologic, Inc.?
23    A   I don't know. Let me check something real
24    quick.
25    No, I can't tell. That's -- the only name we

Page 24

1     know them under is Technologic, LLC.
2     Q   Okay.
3         Final question for you: Do you have any
4     knowledge whether Michael Montes or a company called
5     TollFreeBill.com is associated in any way with the calls
6     listed on Exhibit 2?
7     A   Have no idea. No, I do not.
8         MR. TROST: Okay.
9         Thank you Mr. Hall.
10    THE WITNESS: You're welcome.
11    MR. LEVIN: I do not have any other questions.
12    MR. TROST: David, do you want to continue on and do
13    Mr. Kettles dep or --
14    THE REPORTER: And we're off the record?
15    MR. TROST: Yeah, we can go off the record.
16    (A discussion is held off the record.)
17    THE REPORTER: And we're back on the record.
18    MR. LEVIN: So Mr. Hall, I'm going to request that
19    the court reporter prepare a copy of the transcript of
20    this deposition. And if this case goes to trial, which
21    is scheduled to start on June 10th, we will likely use
22    this deposition transcript as -- with you as a witness
23    for that trial, essentially, in lieu of having you have
24    to appear in person in Wisconsin.
25        So you have a right to review the transcript and

Page 25

1     sign off on it before it becomes final. And if there
2     were any misspellings or errors in the transcription,
3     you would have a right to fill out what's called an
4     errata sheet in order to correct those. You can't
5     change the nature of your testimony, it's only just to
6     correct any errors in the transcription. Or it's up to
7     you if you want to indicate that you waive your
8     signature, then the transcript just becomes final once
9     the court reporter has typed it up.
10        Certainly I'm sure you know I'm not your
11    attorney, I'm not representing you, I can't tell you
12    which one you should do. But I'm letting you know you
13    have that choice. And if you have questions regarding
14    that choice, I can try to answer them for you.
15    THE WITNESS: No, I never like signing anything I
16    haven't had a chance to look at. So I'll promise to
17    promptly review it and then return it, and hopefully
18    there will be no commentary.
19    MR. LEVIN: Okay. Thank you.
20        So I guess the witness is reserving his
21    signature then for now.
22    THE REPORTER: Before we go off the record,
23    Mr. Trost, do you need a copy?
24    MR. TROST: I'm not going to make a decision on this
25    right now. But I took the job number down that you

7 (Pages 22 - 25)

Page 26

1  gave me at the beginning so I can order a copy if I
2  need to.
3     THE REPORTER:  Thank you.
4     And we're off the record.
5     (End of Proceedings.  Declaration of penalty of
6  perjury on the following page hereof.)
7     (Deposition concluded at 10:52 a.m.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 28

1               Veritext Legal Solutions
                 1100 Superior Ave
2                 Suite 1820
                 Cleveland, Ohio 44114
3                 Phone: 216-523-1313
4  May 13, 2019
5  Mr. Christopher G Hall
    1122 E. Lincoln Ave., #203
6  Orange, CA  92865
    Case Name: Cunningham, Craig v. Montes, Michael, et al.
7
    Veritext Reference Number: 3295805
8
    Deposition Date:  5/3/2019
9
    Dear Sir/Madam:
10
    Enclosed you will find a transcript of your deposition.
11
    As the reading and signing have not been expressly
12
    waived, please review the transcript and note any
13
    changes or corrections on the errata sheet
14
    included, indicating the page, line number, change and
15
    reason for the change. Sign at the bottom of the sheet
16
    in the presence of a notary and forward the errata sheet
17
    back to us at the address shown above or email to
18
    production-midwest@veritext.com.
19
    If the errata is not returned within thirty days of your receipt of
20
    this letter, the reading and signing will be deemed waived.
21
    Sincerely,
22
23  Production Department
24
25  NO NOTARY REQUIRED IN CA

Page 27

1        Certification of Court Reporter
2             Federal Jurat
3
4     I, the undersigned, a Certified Shorthand
5  Reporter of the State of California do hereby certify:
6     That the foregoing proceedings were taken
7  before me at the time and place herein set forth; that
8  any witnesses in the foregoing proceedings, prior to
9  testifying, were placed under oath; that a verbatim
10 record of the proceedings was made by me using machine
11 shorthand, which was thereafter transcribed under my
12 direction; further, that the foregoing is an accurate
13 transcription thereof.
14    That before completion of the deposition a
15 review of the transcript was requested.
16    I further certify that I am neither
17 financially interested in the action nor a relative or
18 employee of any of the parties.
19    IN WITNESS WHEREOF, I hereby subscribe my name
20 this 12th day of May, 2019.
21
22
23
24     _Heidi Hummel-Grant_
       Heidi Hummel-Grant
25     Certified Shorthand Reporter No. 12556

Page 29

1        DEPOSITION REVIEW
         CERTIFICATION OF WITNESS
2
      ASSIGNMENT REFERENCE NO: 3295805
3     CASE NAME: Cunningham, Craig v. Montes, Michael, et al.
      DATE OF DEPOSITION: 5/3/2019
4     WITNESS' NAME: Christopher G. Hall
5     In accordance with the Rules of Civil
      Procedure, I have read the entire transcript of
6  my testimony or it has been read to me.
7     I have made no changes to the testimony
      as transcribed by the court reporter.
8
      _____   _____
9  Date          Christopher G. Hall
10    Sworn to and subscribed before me, a
      Notary Public in and for the State and County,
11 the referenced witness did personally appear
      and acknowledge that:
12
      They have read the transcript;
13    They signed the foregoing Sworn
      Statement; and
14    Their execution of this Statement is of
      their free act and deed.
15
      I have affixed my name and official seal
16
   this _____ day of_____, 20 ____.
17
      _____
18    Notary Public
19
      _____
20    Commission Expiration Date
21
22
23
24
25

8 (Pages 26 - 29)

Page 30

```
 1        DEPOSITION REVIEW
          CERTIFICATION OF WITNESS
 2
          ASSIGNMENT REFERENCE NO: 3295805
 3        CASE NAME: Cunningham, Craig v. Montes, Michael, et al.
          DATE OF DEPOSITION: 5/3/2019
 4        WITNESS' NAME: Christopher G. Hall
 5        In accordance with the Rules of Civil
          Procedure, I have read the entire transcript of
 6        my testimony or it has been read to me.
 7        I have listed my changes on the attached
          Errata Sheet, listing page and line numbers as
 8        well as the reason(s) for the change(s).
 9        I request that these changes be entered
          as part of the record of my testimony.
10
          I have executed the Errata Sheet, as well
11        as this Certificate, and request and authorize
          that both be appended to the transcript of my
12        testimony and be incorporated therein.
13        _____
          Date          Christopher G. Hall
14
          Sworn to and subscribed before me, a
15        Notary Public in and for the State and County,
          the referenced witness did personally appear
16        and acknowledge that:
17        They have read the transcript;
          They have listed all of their corrections
18        in the appended Errata Sheet;
          They signed the foregoing Sworn
19        Statement; and
          Their execution of this Statement is of
20        their free act and deed.
21        I have affixed my name and official seal
22        this _____ day of _____, 20 ___
23        _____
          Notary Public
24
25        _____
          Commission Expiration Date
```

Page 31

```
 1        ERRATA SHEET
          VERITEXT LEGAL SOLUTIONS MIDWEST
 2        ASSIGNMENT NO: 3295805
 3  PAGE/LINE(S) /     CHANGE      /REASON
 4  _____
 5  _____
 6  _____
 7  _____
 8  _____
 9  _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19
20  Date          Christopher G. Hall
21  SUBSCRIBED AND SWORN TO BEFORE ME THIS _____
22  DAY OF _____, 20 ___
23  _____
          Notary Public
24
          _____
25        Commission Expiration Date
```

9 (Pages 30 - 31)

**[00761 - businesses]**                                        Page 1

**0**

**00761**   1:4 2:4

**1**

**1**   4:10 11:1,2
**1,992**   13:6
**103**   3:4
**10:13**   2:15 5:2
**10:52**   2:16 5:2
   26:7
**10th**   24:21
**11**   4:10 20:22
**1100**   28:1
**1122**   2:14 21:18
   28:5
**12**   4:12
**12556**   1:18 2:18
   27:25
**12th**   27:20
**13**   28:4
**15048**   27:24
**16**   5:19
**1820**   28:2
**1978**   10:23
**1st**   16:11,12,19

**2**

**2**   3:9 4:12 11:25
   12:1 15:1,24 20:2
   20:7 21:25 22:10
   22:13 23:21 24:6
**20**   29:16 30:22
   31:22
**200**   3:9
**2011**   9:2
**2012**   9:3
**2014**   18:16 19:2
**2015**   16:12,19
   21:23 22:14
**2016**   8:24 9:5
   15:11,11 16:13,20
   20:22 21:23 22:15

**2019**   1:14 2:16 5:2
   27:20 28:4
**203**   2:15 21:18
   28:5
**212-9191**   14:15
**216-523-1313**   28:3
**22**   4:7
**224.218.0882**   3:5

**3**

**3**   1:14 2:16 5:2
**31st**   16:12,20
**3295805**   28:7 29:2
   30:2 31:2
**333**   3:4
**3:16**   1:4 2:4

**4**

**44114**   28:2

**5**

**5**   4:6
**5/3/2019**   28:8 29:3
   30:3
**53703**   3:10
**58**   23:17

**6**

**60062**   3:5
**61**   14:15
**615**   14:15,19

**7**

**761**   5:19

**9**

**92865**   28:6

**a**

**a.m.**   2:15,16 5:2,2
   26:7
**able**   6:18
**account**   12:25
   13:1 15:1 16:22
   17:9,11,12 18:15

   22:25 23:9,11,20
**accurate**   27:12
**accurately**   20:8
**acknowledge**
   29:11 30:16
**acquired**   9:5
   15:10 18:6,10
**act**   29:14 30:20
**action**   4:11 27:17
**add**   10:12
**address**   21:17,19
   23:10,12 28:17
**administrative**
   18:19
**affiliated**   10:18
**affixed**   29:15
   30:21
**agent**   18:5,7,9,12
   18:16,25 19:13
**ago**   6:11
**al**   1:7 2:7 28:6
   29:3 30:3
**answer**   6:20,22
   7:10 15:22 17:3,5
   20:20 25:14
**answers**   7:2
**anybody**   7:23
**appear**   12:6 14:17
   17:10 24:24 29:11
   30:15
**appearances**   3:1
**appears**   14:25
**appended**   30:11
   30:18
**area**   14:12,15,19
**asking**   15:21
**aspects**   9:14
**assignment**   29:2
   30:2 31:2
**associated**   22:15
   23:1,10,21 24:5

**attached**   11:4 12:3
   30:7
**attorney**   25:11
**audio**   23:6
**august**   20:22
**authorize**   30:11
**automated**   20:24
**ave**   28:1,5
**avenue**   2:14 21:18
   23:16
**awfully**   13:6
**axley**   3:8
**axley.com**   3:10

**b**

**b**   3:3
**back**   8:7 17:4
   24:17 28:17
**based**   21:9,10
**becoming**   10:18
   18:13
**began**   9:8
**beginning**   2:15
   26:1
**behalf**   2:14 5:5
**believe**   7:12 9:2
   18:4
**best**   6:20 15:18
**bill**   12:25 13:1
**billions**   16:6
**bottom**   14:17
   28:15
**boulevard**   3:4
**break**   7:9,11
**brynelson**   3:8
**business**   8:25 9:12
   9:14,17 15:8 19:9
   19:16,20 20:9
   21:19
**businesses**   19:12

**[c - deals]**                                                                 Page 2

**c**

c  23:17
ca  28:6,25
california  1:13
   2:15 5:1 21:19
   27:5
call  12:10,21,22,23
   12:23,23,25,25
   13:7,9,12,14,16,25
   14:7,14 16:6,25
   20:13,21 21:13
   22:24 23:6
calle  23:17
called  5:5 18:4
   23:22 24:4 25:3
caller  13:13,16
   22:24,25
calling  10:5 15:14
calls  13:5 14:18,25
   16:17,22 17:10,20
   19:21,23 20:1,11
   21:23 22:12,13,15
   22:16,21 23:4,9
   24:5
canada  9:22
case  5:17,18 8:2
   12:9 18:1 24:20
   28:6 29:3 30:3
cdr  14:23 20:15
certainly  25:10
certificate  30:11
certification  27:1
   29:1 30:1
certified  2:17 5:6
   11:3 12:2 27:4,25
certify  27:5,16
chance  25:16
change  25:5 28:14
   28:15 30:8 31:3
changes  28:13
   29:7 30:7,9

check  23:23
choice  25:13,14
christopher  1:12
   2:13 4:3 5:4,11,14
   28:5 29:4,9 30:4
   30:13 31:20
city  23:17
civil  4:11 6:3
   21:15 29:5 30:5
clean  6:18
clear  6:25 7:7
cleveland  28:2
cli  13:13
code  14:12,15,15
   14:19
column  13:8 14:5
come  16:8
commenced  12:23
comment  14:10
commentary
   25:18
commission  29:19
   30:25 31:25
companies  10:1,4
   10:15
company  8:14,15
   8:15,16,17,21 9:2
   9:5,16,18 10:2
   11:8 15:17 16:4
   17:13 18:3,6,7,8
   18:10 19:3,9 20:5
   23:21 24:4
company's  17:11
   19:8
completion  27:14
concluded  26:7
conducted  19:16
   19:20
confidently  20:22
connect  13:25

connection  10:11
   16:25
connexum  5:15
   6:5,7 8:11,23,25
   9:8,12,16,18,19
   10:15,18 12:10,21
   13:24 15:8,10
   18:5,9,10,13,14
   19:13 20:8 21:20
   22:20 23:3,19
connexum's  10:4
   10:6 16:19 20:12
   21:22 22:16
contained  7:20
contains  22:11
content  23:6
contents  20:1
context  6:1
continue  24:12
conversation  6:16
   7:5 8:1 15:20
convert  12:15
copy  11:3 12:2,6
   24:19 25:23 26:1
correct  9:9 12:13
   13:10 14:1,8 15:2
   16:21 17:13,14
   18:11 20:10,25
   21:1,6,25 22:1,21
   22:22 23:2,5 25:4
   25:6
corrections  28:13
   30:17
correctly  10:7
country  14:14
county  29:10
   30:15
couple  5:24 6:11
   21:12
course  7:2 20:9

court  1:1 2:1 5:18
   6:10,18 7:3 11:1
   11:24 12:16 24:19
   25:9 27:1 29:7
craig  1:4 2:4 5:17
   28:6 29:3 30:3
create  15:23
created  16:2
creating  21:8
creation  21:4
csr  1:18
cunningham  1:4
   2:4 5:17 28:6 29:3
   30:3
current  8:11 21:19
customer  12:24
   13:23 15:2,10
   16:13 19:24 23:12
customers  9:25
   10:5 14:22 15:5
   15:14 19:2
cv  1:4 2:4 5:19

**d**

d  3:8
daily  9:11
data  7:19 12:21
   14:12 15:3,23
   16:5,8,14 17:17
   20:17 21:4 22:23
database  16:5,7,14
   19:1
date  12:22 16:9,10
   19:1 20:13 28:8
   29:3,9,19 30:3,13
   30:25 31:20,25
david  3:3 24:12
day  12:22 27:20
   29:16 30:22 31:22
days  8:6 28:19
deals  15:17

**[dear - hall]**

**dear** 28:9
**december** 16:12
  16:12,20 22:15
**decision** 25:24
**declaration** 26:5
**deed** 29:14 30:20
**deemed** 28:20
**defendant** 3:7
  18:1
**defendants** 1:8 2:8
**delays** 20:17
**dep** 24:13
**department** 28:23
**deposition** 1:12
  2:13 4:10 5:13,16
  5:22 7:14,15,22
  8:7 11:8,11,15
  12:17 15:21 24:20
  24:22 26:7 27:14
  28:8,10 29:1,3
  30:1,3
**depositions** 6:1,13
**describe** 19:15
**describing** 10:6
**description** 4:9
**detail** 10:10
**dialed** 14:6
**digit** 14:23
**direction** 27:12
**directly** 9:24
**discuss** 7:22 11:15
  11:19 21:7
**discussed** 8:4
  17:23
**discussion** 24:16
**distance** 9:21,23
  10:5,16 22:13
**district** 1:1,2 2:1,2
  5:18,18
**dlevin** 3:6

**document** 10:25
  11:10
**documents** 7:15
  12:8
**doubt** 17:16
**drop** 16:25
**due** 20:17
**duly** 5:6
**duration** 12:25
  13:1 23:4
**duties** 9:11

**e**
**e** 23:17 28:5
**easily** 12:15
**east** 2:14 3:9 21:18
**email** 28:17
**emails** 7:18
**employee** 27:18
**enclosed** 28:10
**enforcement**
  21:14
**entered** 30:9
**entire** 16:17 29:5
  30:5
**errata** 25:4 28:13
  28:16,19 30:7,10
  30:18 31:1
**errors** 25:2,6
**especially** 6:15
  14:21
**essentially** 13:24
  24:23
**et** 1:7 2:7 28:6
  29:3 30:3
**everybody** 6:19
**exactly** 9:3 15:12
**examination** 4:5
  5:20 22:5
**examined** 5:7
**example** 7:6 14:14

**exchanged** 7:19
**executed** 30:10
**execution** 29:14
  30:19
**exhibit** 4:10,12
  11:1,2,24 12:1
  15:1,24 20:2,7
  21:25 22:10,13
  23:21 24:6
**exhibits** 4:9
**expect** 14:11
**expiration** 29:19
  30:25 31:25
**explain** 10:10 16:7
**exporting** 21:4
**expressly** 28:11

**f**
**fact** 23:5
**familiar** 18:1
**family** 9:20
**federal** 27:2
**feel** 6:25
**file** 7:20 23:13
**fill** 25:3
**final** 11:9 24:3
  25:1,8
**financially** 27:17
**find** 28:10
**finish** 6:21
**finished** 20:20
**first** 5:6 6:14
  14:14,17
**following** 6:12
  26:6
**follows** 5:7
**foregoing** 27:6,8
  27:12 29:13 30:18
**formed** 9:2
**forth** 27:7
**forward** 28:16

**foundation** 19:17
**four** 11:14,19
**free** 6:25 29:14
  30:20
**friday** 1:14 2:16
  5:2
**friedman** 3:3
**front** 14:11,13
**full** 5:10
**further** 22:3 27:12
  27:16

**g**
**g** 1:12 2:13 4:3 5:4
  5:11 8:18 28:5
  29:4,9 30:4,13
  31:20
**gawk** 8:17,19 9:5
**generally** 12:18
**getting** 6:23 21:13
**give** 6:12 17:16
  23:14
**given** 5:22 6:2,13
**go** 7:11 24:15
  25:22
**goes** 24:20
**going** 6:12 7:12
  24:18 25:24
**good** 10:8 13:2
  19:24
**grant** 1:18 2:17
  27:24
**great** 11:22 23:18
**guess** 6:4 13:4
  25:20

**h**
**h** 5:11
**hall** 1:12 2:13 4:3
  5:4,11,14,22 22:7
  24:9,18 28:5 29:4
  29:9 30:4,13

**[hall - minutes]**                                                              Page 4

31:20
**handles** 16:3
**happy** 23:14
**heading** 23:21
**hear** 6:24 17:3
   22:9
**heard** 6:10,11 19:3
   19:6
**heidi** 1:18 2:17
   27:24
**held** 24:16
**hereof** 26:6
**hereto** 11:4 12:3
**hi** 16:24
**history** 18:21
**honestly** 15:11
**hopefully** 25:17
**hum** 7:4,4
**human** 21:3
**hummel** 1:18 2:17
   27:24

**i**

**idea** 24:7
**identification** 11:2
   12:1
**identifier** 13:13
**illinois** 3:5
**important** 6:14
**impossible** 23:7
**included** 28:14
**incorporated** 8:17
   8:20 9:6 19:4
   30:12
**independently**
   13:18
**index** 4:1
**indicate** 25:7
**indicating** 28:14
**indicative** 14:20
**individuals** 15:16

**industry** 10:20,22
**information** 20:7
**initial** 15:4
**inputs** 16:9
**instantly** 20:12
**instructions** 6:12
**interest** 8:14,19
**interested** 27:17
**international**
   14:22 15:5
**interrupt** 20:20
**intervention** 21:3
**involve** 6:7
**involved** 9:13
   18:13 19:12
**ip** 10:13 13:22
**issue** 16:25

**j**

**january** 8:24
   16:11,12,19 22:14
**jdp** 1:4 2:4
**job** 8:12 25:25
**june** 24:21
**jurat** 27:2

**k**

**k** 8:18
**keep** 7:2
**kept** 6:5 20:8
**kettle** 8:1 16:3
   20:4 21:7
**kettles** 24:13
**kevin** 3:8
**kind** 9:16
**know** 6:22 9:1,3
   14:2 15:6,11
   17:19,22 18:3,20
   19:11,19,22,22,23
   19:25 20:4,6,16,18
   22:20,22,23 23:3,6
   23:23 24:1 25:10

25:12
**knowing** 15:22
**knowledge** 11:18
   15:13,18 21:9,10
   23:19 24:4
**knows** 8:2,4
**ktrost** 3:10

**l**

**l** 5:11,11 23:17,17
**labeled** 11:10 13:8
**latency** 20:15
**law** 3:3 21:14
**legal** 28:1 31:1
**letter** 28:20
**letting** 25:12
**levin** 3:3 4:6 5:9
   5:12,21 11:6 12:5
   16:24 17:4,8
   19:18 22:2 23:13
   24:11,18 25:19
**lieu** 24:23
**limit** 17:9
**limited** 16:21
**lincoln** 2:14 21:18
   28:5
**line** 13:13 14:14
   28:14 30:7 31:3
**list** 11:14 19:5
**listed** 16:18 20:11
   21:24 22:12 23:9
   23:20 24:6 30:7
   30:17
**listing** 30:7
**literally** 16:6
**litigation** 6:3,7
   21:15
**little** 10:10 20:14
**llc** 5:15 18:18 23:8
   23:20 24:1
**located** 15:6,17

**log** 18:25
**logged** 20:12
**long** 7:13 8:23,25
   9:20,23 10:5,16,22
   13:5,7 15:8 17:24
   22:13
**longer** 18:7
**look** 10:25 11:23
   17:16 18:21 23:15
   25:16
**looking** 16:11
**loud** 7:3
**luis** 23:16

**m**

**m** 3:3
**machine** 27:10
**madam** 28:9
**madison** 3:10
**mailing** 23:10
**main** 9:17
**maintain** 17:24
**managing** 8:13
   9:13
**manner** 7:3
**marked** 11:1,2,24
   12:1 15:24
**mean** 20:19
**member** 8:13 9:13
**mentioned** 15:5
**method** 13:24 14:3
**michael** 1:7 2:7
   5:17 18:2 20:5
   24:4 28:6 29:3
   30:3
**midwest** 28:18
   31:1
**mifflin** 3:9
**minutes** 6:11 10:5
   10:16 13:1,5,6
   20:16,18

**[misspellings - quick]**                                               Page 5

**misspellings** 25:2

**montes** 1:7 2:7
  5:17 18:2,3,8 19:4
  19:12 20:5 24:4
  28:6 29:3 30:3

**month** 21:12

**myadguys** 18:4,5
  18:8

**myadguys.com**
  18:18

**n**

**name** 5:10 8:17
  12:24 18:17 19:4
  19:9 23:25 27:19
  28:6 29:3,4,15
  30:3,4,21

**named** 18:2

**nature** 19:15,19
  19:25 25:5

**need** 7:12 25:23
  26:2

**neither** 27:16

**network** 12:21
  14:2 16:22

**never** 25:15

**normally** 7:5

**northbrook** 3:5

**notary** 28:16,25
  29:10,18 30:15,23
  31:23

**note** 28:12

**number** 5:19
  10:16 11:1,25
  13:9,11,12,15 14:6
  14:13 15:1,24
  16:13 20:2,7
  25:25 28:7,14

**numbers** 13:19
  14:11 16:18,23
  21:24 22:14 30:7

**o**

**oath** 27:9

**object** 19:17

**offices** 3:3

**official** 29:15
  30:21

**oh** 20:21

**ohio** 28:2

**okay** 5:12,25 6:9
  7:21 8:22 9:4,10
  9:15 10:9,24
  11:13,17,22 13:3
  14:4,9 15:19 16:1
  17:8 18:22 21:2
  22:2,19 24:2,8
  25:19

**once** 25:8

**operating** 18:17

**operation** 9:14

**orange** 1:13 2:15
  5:1 21:18 28:6

**order** 25:4 26:1

**ordinary** 20:9

**originated** 12:24

**outside** 21:4,24

**owned** 8:15

**ownership** 8:14,19

**p**

**p.c.** 3:3

**page** 4:5,9 11:9
  14:17 26:6 28:14
  30:7 31:3

**panama** 15:7,17
  23:17,17

**paralegal** 21:17

**part** 30:9

**particular** 14:20
  14:21

**parties** 8:3 27:18

**pass** 13:21

**pay** 10:15

**pdf** 12:15

**penalty** 26:5

**pending** 7:10

**people** 6:16 14:10

**period** 18:6

**perjury** 26:6

**person** 13:25
  24:24

**personal** 11:18

**personally** 29:11
  30:15

**phone** 13:5,7,9,15
  14:6,13 19:21,23
  21:24 22:14 28:3

**physical** 23:10

**pile** 16:14

**place** 27:7

**placed** 13:10,14
  15:1 16:17 17:10
  20:13 27:9

**placing** 13:25

**plaintiff** 1:5 2:5,14
  3:2 5:5

**please** 5:10 6:21
  7:6,10 10:25 11:9
  17:4 23:14 28:12

**pleasure** 22:7,9

**point** 7:8 13:2

**position** 8:11

**positions** 10:19

**preceding** 14:18

**prepare** 7:15
  24:19

**presence** 28:16

**present** 3:3,8

**presented** 14:12

**pretty** 10:8

**previously** 11:24
  12:7

**primarily** 9:20

**printed** 12:16

**prior** 7:14 10:18
  15:11 18:6,13
  27:8

**problem** 7:9 17:2

**procedure** 20:25
  29:5 30:5

**proceedings** 26:5
  27:6,8,10

**processing** 20:17

**produced** 7:23 8:7
  12:7,11,12 17:17

**production** 28:18
  28:23

**promise** 25:16

**promptly** 25:17

**provide** 9:19,23,24
  10:1,13 14:2

**provided** 12:22
  13:19 16:10 21:17
  23:13

**providing** 13:24

**public** 29:10,18
  30:15,23 31:23

**purely** 20:16

**pursuant** 5:14
  12:8

**q**

**qualify** 11:19

**queried** 16:5

**query** 8:10 16:7
  16:14 17:17

**question** 6:4,21,25
  7:1,6,9,10 17:5
  24:3

**questions** 6:21
  19:5 22:4,8 24:11
  25:13

**quick** 23:24

**[quite - statement]**

quite  6:4

**r**

range  16:9,10
read  17:4,7 29:5,6
  29:12 30:5,6,17
reading  28:11,20
real  23:23
reason  6:24 17:16
  28:15 30:8 31:3
receipt  28:19
received  13:11
recipient  14:6
recipient's  13:16
record  5:9,13 6:18
  7:11,24 15:20,23
  17:7,20 20:21
  23:12 24:14,15,16
  24:17 25:22 26:4
  27:10 30:9
records  6:5 7:15
  7:23 8:3,4,7,9
  12:7,10,19,20
  13:20 16:6 17:24
  18:19,23 19:8,10
  20:8,12,15,23,24
  21:4,13
redial  17:1
reference  28:7
  29:2 30:2
referenced  29:11
  30:15
reflect  5:13 18:19
  21:22
reflected  14:25
  20:1 21:25
reflects  20:8
refresh  8:9
regarding  25:13
registration  18:25
regularly  6:16

relate  6:5
relation  9:12
relationship  18:12
relative  27:17
repeat  6:25
reported  1:17
reporter  2:17 5:7
  6:18 7:4 11:1,3,24
  12:2,16 17:6,7
  24:14,17,19 25:9
  25:22 26:3 27:1,5
  27:25 29:7
reporter's  6:10
represent  12:14
  12:19 22:13
representative
  18:4
representing
  25:11
represents  12:20
  16:17 20:22
request  6:10 24:18
  30:9,11
requested  15:3
  27:15
required  28:25
reserving  25:20
respect  23:8
response  12:11
responsibilities
  9:11
results  16:15
return  25:17
returned  8:10
  16:23 28:19
review  7:14,17
  24:25 25:17 27:15
  28:12 29:1 30:1
reviewed  7:18
rider  11:10

right  13:6,8 14:7
  22:17,18,25 24:25
  25:3,25
routinely  21:16
rules  29:5 30:5
run  16:8,14 19:3

**s**

s  30:8,8 31:3
sales  18:5,7,9,12
  18:25 19:13
samuel  23:16
saw  18:15 19:5
saying  6:19 16:16
says  14:5
scheduled  24:21
scott  16:3
seal  29:15 30:21
seconds  13:2
  20:16 23:4
see  11:14,16 14:11
  18:23
send  19:21,23
sense  13:4
sent  7:20 12:16
served  5:14 11:7
  12:8
service  9:21,24
  10:16
services  9:18,19
  9:20 10:14
set  27:7
sheet  25:4 28:13
  28:15,16 30:7,10
  30:18 31:1
short  7:8,11
shorthand  2:17
  5:6 11:3 12:2 27:4
  27:11,25
show  13:15 19:8
showed  18:23

shown  28:17
sic  5:19 6:21 12:7
sign  19:1 25:1
  28:15
signaling  13:22
signature  25:8,21
  27:24
signed  18:15 19:2
  29:13 30:18
signing  25:15
  28:11,20
sincerely  28:21
sir  5:9 28:9
sit  17:20
skokie  3:4
solutions  28:1
  31:1
sorry  16:24 17:12
  20:19
sort  9:19 18:23
source  13:12
spanish  23:16
speak  22:7
speaking  12:18
specific  16:22
  22:14
specifically  21:7
spoken  20:5
spreadsheet  4:12
  12:15 15:24 16:2
  16:8,16 17:15
  21:5,8
standby  23:15
standing  19:24
start  24:21
started  15:12,21
state  5:10 27:5
  29:10 30:15
statement  29:13
  29:14 30:19,19

[states - went]                                                      Page 7

**states** 1:1 2:1 9:21
**stock** 8:21
**stream** 22:23
**street** 3:9
**string** 13:23
**subpoena** 4:10
  5:14 7:18 11:7,10
  12:8,11 15:4
  16:18 21:13
**subpoenas** 21:24
**subscribe** 27:19
**subscribed** 29:10
  30:14 31:21
**substance** 23:3
**suite** 2:15 3:4,9
  21:18 28:2
**superior** 28:1
**sure** 6:17 7:2
  18:21 22:10,20
  25:10
**sworn** 5:6 29:10
  29:13 30:14,18
  31:21
**system** 10:6 15:14
  16:19 20:23 21:22
  22:17

**t**

**take** 6:18 7:8,11
  10:25 11:23
**taken** 2:13 7:3
  27:6
**takes** 16:13
**talk** 6:15
**talking** 20:15
**technical** 20:17
**technically** 23:6
**technologic** 10:2
  10:15 12:7,12
  13:12 14:22 15:2
  15:6,9,16 17:11,19
  17:24 19:16,20

23:8,20,22 24:1
**technologic's**
  13:20 15:14 17:12
**technology** 10:13
**telecommunicati...**
  10:20
**telephone** 9:18,21
  9:24 10:1,13
  12:20 13:11,12
  16:18 17:20 20:1
  21:23
**telephonically** 3:3
  3:8
**tell** 12:18 23:25
  25:11
**tells** 22:23
**ten** 14:23
**terminated** 18:13
**terms** 23:4
**testifies** 5:7
**testify** 4:10
**testifying** 21:9,10
  27:9
**testimony** 25:5
  29:6,7 30:6,9,12
**thank** 11:22 17:8
  23:18 24:9 25:19
  26:3
**thereof** 27:13
**thing** 10:12
**things** 7:4
**think** 6:22 16:11
  23:13
**thinking** 6:17
**thirty** 28:19
**three** 14:18 16:18
  16:23 21:12,23
  22:13
**time** 12:22 18:6,17
  19:2 20:13 27:7

**times** 5:24 21:12
**title** 8:12
**today** 6:15 7:13,14
  7:24 11:8,15
  12:17 15:21 17:21
**todd** 3:3
**toddflaw.com** 3:6
**tollfreebill.com**
  24:5
**tollfreezone.com**
  19:4
**topics** 11:14,20
**tracked** 20:24
**transaction** 16:4
**transactional**
  20:17
**transcribed** 27:11
  29:7
**transcript** 24:19
  24:22,25 25:8
  27:15 28:10,12
  29:5,12 30:5,11,17
**transcription** 25:2
  25:6 27:13
**transited** 12:21
  16:22 20:23
**trial** 5:16 24:20,23
**trost** 3:8 4:7 19:17
  22:3,6 24:8,12,15
  25:23,24
**try** 6:15 25:14
**turn** 11:9
**two** 19:1 21:12
**type** 15:13 16:3
  19:11
**typed** 25:9
**typically** 10:17

**u**

**u.s.** 5:17
**um** 7:4,4

**uncommon** 21:13
**undersigned** 27:4
**understand** 6:4
  10:11 22:10
**understanding**
  22:12
**understood** 12:13
  14:4,16
**united** 1:1 2:1 9:21
**universe** 16:17
**use** 10:12,16 15:14
  24:21
**user** 13:8 14:1,5
**users** 9:25

**v**

**v** 1:6 2:6 28:6 29:3
  30:3
**various** 7:18
**verbatim** 27:9
**verify** 13:18,21
**veritext** 28:1,7
  31:1
**veritext.com.**
  28:18
**versus** 5:17
**voice** 10:13 13:22

**w**

**w** 8:18
**waive** 25:7
**waived** 28:12,20
**want** 6:17 7:8
  22:10 24:12 25:7
**wanted** 8:9 11:15
**way** 13:18,21
  14:12 23:5 24:5
**we've** 23:12
**welcome** 24:10
**went** 7:23 21:8
  22:16

**[western - yeah]**                                                    Page 8

**western**  1:2 2:2
  5:18
**whereof**  27:19
**wisconsin**  1:2 2:2
  3:10 5:18 24:24
**witness**  4:2 5:5,11
  11:5 12:4 17:2
  24:10,22 25:15,20
  27:19 29:1,4,11
  30:1,4,15
**witnesses**  27:8
**worked**  8:23 10:19
**working**  9:8
**writes**  16:13
**writing**  20:15

      **y**

**y**  23:16
**yeah**  7:16 10:8
  13:4 17:4 20:21
  24:15

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

## VERITEXT LEGAL SOLUTIONS
## COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted
fashion to authenticated parties who are permitted to
access the material. Our data is hosted in a Tier 4
SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and
State regulations with respect to the provision of
court reporting services, and maintains its neutrality
and independence regardless of relationship or the
financial outcome of any litigation. Veritext requires
adherence to the foregoing professional and ethical
standards from all of its subcontractors in their
independent contractor agreements.

Inquiries about Veritext Legal Solutions'
confidentiality and security policies and practices
should be directed to Veritext's Client Services
Associates indicated on the cover of this document or
at www.veritext.com.

Exhibit G Technologic Call Records

| date_of_call | time_of_call | fromuser | touser | account | account_billed_duration |
|---|---|---|---|---|---|
| 1/2/2015 | 3:45:00 PM | 4692707095 | 6152129191 | Technologic, LLC | 12 |
| 1/5/2015 | 4:48:00 PM | 7073462155 | 6152129191 | Technologic, LLC | 12 |
| 1/20/2015 | 11:10:00 PM | 7208623932 | 6152129191 | Technologic, LLC | 12 |
| 1/20/2015 | 9:37:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 1/21/2015 | 12:05:00 AM | 6827038279 | 6153317262 | Technologic, LLC | 30 |
| 1/22/2015 | 9:37:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 1/28/2015 | 4:11:00 PM | 3129676070 | 6152129191 | Technologic, LLC | 12 |
| 2/5/2015 | 5:53:00 PM | 3129676070 | 6153317262 | Technologic, LLC | 12 |
| 2/18/2015 | 5:03:00 PM | 3129676070 | 6153317262 | Technologic, LLC | 12 |
| 2/20/2015 | 11:47:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 2/27/2015 | 9:47:00 PM | 7012487120 | 6152129191 | Technologic, LLC | 18 |
| 3/3/2015 | 10:17:00 PM | 4352551188 | 6153317262 | Technologic, LLC | 12 |
| 3/3/2015 | 9:04:00 PM | 4352551188 | 6153317262 | Technologic, LLC | 12 |
| 3/13/2015 | 2:23:00 PM | 9016027411 | 6152129191 | Technologic, LLC | 558 |
| 3/20/2015 | 6:21:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 1992 |
| 3/23/2015 | 3:38:00 PM | 7123087850 | 6152129191 | Technologic, LLC | 12 |
| 3/23/2015 | 3:49:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 3/25/2015 | 3:08:00 PM | 3615343292 | 6153481977 | Technologic, LLC | 12 |
| 3/26/2015 | 3:46:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 3/26/2015 | 5:48:00 PM | 4352551188 | 6153481977 | Technologic, LLC | 120 |
| 3/31/2015 | 9:45:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 4/1/2015 | 10:17:00 PM | 6827038279 | 6153481977 | Technologic, LLC | 12 |
| 4/3/2015 | 3:50:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 96 |
| 4/7/2015 | 7:39:00 PM | 6183551941 | 6152129191 | Technologic, LLC | 1332 |
| 4/9/2015 | 8:03:00 PM | 8602693408 | 6152129191 | Technologic, LLC | 12 |
| 4/13/2015 | 10:37:00 PM | 8602693408 | 6152129191 | Technologic, LLC | 12 |
| 4/16/2015 | 5:04:00 PM | 4055479050 | 6152129191 | Technologic, LLC | 12 |
| 4/16/2015 | 8:08:00 PM | 6183551943 | 6152129191 | Technologic, LLC | 24 |
| 4/20/2015 | 8:08:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 174 |
| 4/20/2015 | 5:29:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 4/20/2015 | 5:32:00 PM | 8554752199 | 6153481977 | Technologic, LLC | 30 |
| 4/20/2015 | 5:33:00 PM | 8554752199 | 6153481977 | Technologic, LLC | 12 |
| 4/21/2015 | 7:27:00 PM | 8554752199 | 6153481977 | Technologic, LLC | 12 |
| 4/21/2015 | 9:49:00 PM | 9802230047 | 6153317262 | Technologic, LLC | 12 |
| 4/22/2015 | 10:24:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 96 |
| 4/23/2015 | 4:09:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |



Δ JT EXHIBIT 2
Deponent: [signature]
Date: [signature]
WWW.DEPOBOOKPRODUCTS.COM

| Date/Time | Number | Company | Count |
|---|---|---|---|
| 4/23/2015 5:56:00 PM | 8602693408 6153317262 | Technologic, LLC | 12 |
| 4/24/2015 3:57:00 PM | 8602693408 6153481977 | Technologic, LLC | 12 |
| 4/25/2015 4:34:00 PM | 8602693408 6153481977 | Technologic, LLC | 12 |
| 4/29/2015 11:21:00 PM | 8602693408 6153481977 | Technologic, LLC | 12 |
| 4/30/2015 10:46:00 PM | 8602693408 6153481977 | Technologic, LLC | 66 |
| 4/30/2015 11:40:00 PM | 8602693408 6153481977 | Technologic, LLC | 48 |
| 5/1/2015 11:08:00 PM | 8602693408 6153481977 | Technologic, LLC | 54 |
| 5/1/2015 8:13:00 PM | 9802230047 6152129191 | Technologic, LLC | 12 |
| 5/1/2015 9:09:00 PM | 8602693408 6153481977 | Technologic, LLC | 36 |
| 5/4/2015 10:43:00 PM | 8602693408 6153481977 | Technologic, LLC | 1332 |
| 5/5/2015 3:54:00 PM | 8602693408 6153481977 | Technologic, LLC | 12 |
| 5/5/2015 8:02:00 PM | 3072246596 6152129191 | Technologic, LLC | 318 |
| 5/6/2015 4:32:00 PM | 8602693408 6153481977 | Technologic, LLC | 90 |
| 5/7/2015 10:55:00 PM | 8602693408 6153481977 | Technologic, LLC | 48 |
| 5/7/2015 5:01:00 PM | 8602693408 6153481977 | Technologic, LLC | 66 |
| 5/7/2015 8:49:00 PM | 8602693408 6153481977 | Technologic, LLC | 54 |
| 5/10/2015 7:00:00 PM | 3073920546 6152129191 | Technologic, LLC | 78 |
| 5/10/2015 7:04:00 PM | 3073920546 6152129191 | Technologic, LLC | 96 |
| 5/12/2015 10:25:00 PM | 7023595643 6153481977 | Technologic, LLC | 36 |
| 5/12/2015 3:32:00 PM | 7023595643 6153481977 | Technologic, LLC | 42 |
| 5/12/2015 6:16:00 PM | 7023595643 6153481977 | Technologic, LLC | 60 |
| 5/12/2015 7:04:00 PM | 7023595643 6153481977 | Technologic, LLC | 252 |
| 5/13/2015 10:57:00 PM | 7023595643 6153481977 | Technologic, LLC | 12 |
| 5/13/2015 5:37:00 PM | 7023595643 6153481977 | Technologic, LLC | 12 |
| 5/13/2015 7:46:00 PM | 7602014410 6152129191 | Technologic, LLC | 12 |
| 5/15/2015 3:53:00 PM | 7023595643 6153481977 | Technologic, LLC | 72 |
| 5/15/2015 4:43:00 PM | 7023595643 6153481977 | Technologic, LLC | 66 |
| 5/17/2015 10:30:00 PM | 3073920546 6152129191 | Technologic, LLC | 96 |
| 5/17/2015 10:30:00 PM | 3073920546 6152129191 | Technologic, LLC | 96 |
| 5/18/2015 4:49:00 PM | 7023595643 6153481977 | Technologic, LLC | 90 |
| 5/18/2015 5:23:00 PM | 7023595643 6153481977 | Technologic, LLC | 12 |
| 5/19/2015 4:10:00 PM | 7023595643 6153481977 | Technologic, LLC | 858 |
| 5/19/2015 6:28:00 PM | 7023595643 6153481977 | Technologic, LLC | 42 |
| 5/21/2015 5:45:00 PM | 7023595643 6153481977 | Technologic, LLC | 30 |
| 5/21/2015 6:24:00 PM | 7023595643 6153481977 | Technologic, LLC | 60 |

| Date/Time | ID 1 | ID 2 | Company | Qty |
|---|---|---|---|---|
| 5/22/2015 5:31:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 42 |
| 5/22/2015 5:51:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 36 |
| 5/25/2015 7:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 5/25/2015 7:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 78 |
| 5/26/2015 5:53:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 48 |
| 5/26/2015 8:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 78 |
| 5/28/2015 3:50:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 5/28/2015 4:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 36 |
| 5/29/2015 5:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 5/29/2015 8:10:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 6 |
| 5/30/2015 8:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 5/30/2015 8:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 42 |
| 6/1/2015 8:07:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 18 |
| 6/2/2015 11:24:00 PM | 7204526477 | 6153317262 | Technologic, LLC | 24 |
| 6/2/2015 4:32:00 PM | 7376669030 | 6153481977 | Technologic, LLC | 1188 |
| 6/3/2015 11:03:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 90 |
| 6/3/2015 3:32:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 78 |
| 6/3/2015 3:33:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 66 |
| 6/4/2015 12:16:00 AM | 7023595643 | 6153481977 | Technologic, LLC | 66 |
| 6/7/2015 8:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 30 |
| 6/7/2015 8:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 6/9/2015 2:07:00 PM | 8596632951 | 6152129191 | Technologic, LLC | 24 |
| 6/10/2015 6:35:00 PM | 7204526477 | 6153481977 | Technologic, LLC | 468 |
| 6/14/2015 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 96 |
| 6/14/2015 7:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 6/14/2015 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 6/20/2015 2:08:00 PM | 7279980960 | 6152129191 | Technologic, LLC | 90 |
| 6/21/2015 8:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 6/21/2015 8:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 6/21/2015 8:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 6/24/2015 9:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 6/24/2015 9:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 54 |
| 6/25/2015 6:22:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 18 |
| 6/25/2015 8:11:00 PM | 3072126230 | 6152129191 | Technologic, LLC | 12 |
| 6/26/2015 12:01:00 AM | 7023595643 | 6152129191 | Technologic, LLC | 12 |

| Date/Time | Number | Company | Qty |
|---|---|---|---|
| 6/26/2015 8:00:00 PM | 3073702145 | Technologic, LLC | 12 |
| 6/28/2015 7:02:00 PM | 3073920546 | Technologic, LLC | 90 |
| 6/28/2015 7:03:00 PM | 3073920546 | Technologic, LLC | 12 |
| 6/28/2015 7:04:00 PM | 3073920546 | Technologic, LLC | 12 |
| 6/29/2015 9:18:00 PM | 7023595643 | Technologic, LLC | 18 |
| 6/30/2015 7:17:00 PM | 7023595643 | Technologic, LLC | 12 |
| 7/1/2015 8:00:00 PM | 7023595643 | Technologic, LLC | 12 |
| 7/1/2015 8:04:00 PM | 7023595643 | Technologic, LLC | 54 |
| 7/2/2015 11:03:00 PM | 7023595643 | Technologic, LLC | 78 |
| 7/3/2015 4:20:00 PM | 7376669031 | Technologic, LLC | 12 |
| 7/3/2015 5:39:00 PM | 5122130179 | Technologic, LLC | 12 |
| 7/5/2015 7:02:00 PM | 3073920546 | Technologic, LLC | 18 |
| 7/5/2015 7:02:00 PM | 3073920546 | Technologic, LLC | 12 |
| 7/8/2015 11:00:00 PM | 7733626220 | Technologic, LLC | 54 |
| 7/8/2015 11:40:00 PM | 7733626220 | Technologic, LLC | 12 |
| 7/8/2015 4:56:00 PM | 4152756518 | Technologic, LLC | 12 |
| 7/8/2015 5:09:00 PM | 4152756518 | Technologic, LLC | 66 |
| 7/8/2015 8:02:00 PM | 7023595643 | Technologic, LLC | 12 |
| 7/8/2015 8:05:00 PM | 7023595643 | Technologic, LLC | 48 |
| 7/8/2015 8:05:00 PM | 7023595643 | Technologic, LLC | 84 |
| 7/8/2015 8:05:00 PM | 6153481977 | Technologic, LLC | 84 |
| 7/13/2015 10:39:00 PM | 3073920546 | Technologic, LLC | 12 |
| 7/13/2015 10:40:00 PM | 3073920546 | Technologic, LLC | 54 |
| 7/13/2015 9:38:00 PM | 6467661343 | Technologic, LLC | 12 |
| 7/13/2015 9:49:00 PM | 6467661343 | Technologic, LLC | 84 |
| 7/14/2015 12:04:00 AM | 5106940117 | Technologic, LLC | 12 |
| 7/14/2015 12:05:00 AM | 5106940117 | Technologic, LLC | 12 |
| 7/14/2015 9:20:00 PM | 3082213372 | Technologic, LLC | 12 |
| 7/15/2015 10:01:00 PM | 7023595643 | Technologic, LLC | 12 |
| 7/15/2015 10:02:00 PM | 7023595643 | Technologic, LLC | 24 |
| 7/15/2015 10:02:00 PM | 7023595643 | Technologic, LLC | 54 |
| 7/15/2015 10:06:00 PM | 7023595643 | Technologic, LLC | 12 |
| 7/15/2015 10:54:00 PM | 9172017054 | Technologic, LLC | 12 |
| 7/17/2015 11:03:00 PM | 2629959112 | Technologic, LLC | 108 |
| 7/17/2015 12:04:00 AM | 4152756534 | Technologic, LLC | 84 |
| 7/17/2015 12:17:00 AM | 4152756534 | Technologic, LLC | 1620 |
| 7/17/2015 9:55:00 PM | 2153372107 | Technologic, LLC | 42 |
| | | | 78 |

| | | | |
|---|---|---|---|
| 7/19/2015 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 7/19/2015 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 7/19/2015 7:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 24 |
| 7/20/2015 11:06:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 12 |
| 7/20/2015 11:16:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 108 |
| 7/21/2015 3:51:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 7/21/2015 4:01:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 7/21/2015 6:04:00 PM | 7812144465 | 6152129191 | Technologic, LLC | 12 |
| 7/21/2015 7:16:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 7/22/2015 9:00:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 84 |
| 7/22/2015 9:01:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 7/22/2015 9:03:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 48 |
| 7/23/2015 12:35:00 AM | 9162097450 | 6152129191 | Technologic, LLC | 126 |
| 7/23/2015 3:35:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 7/23/2015 3:37:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 7/23/2015 6:03:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 90 |
| 7/23/2015 6:26:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 12 |
| 7/24/2015 12:17:00 AM | 6083191127 | 6152129191 | Technologic, LLC | 60 |
| 7/24/2015 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 7/26/2015 7:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 7/26/2015 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 7/27/2015 9:46:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 222 |
| 7/27/2015 9:56:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 6 |
| 7/28/2015 11:31:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 78 |
| 7/29/2015 11:55:00 PM | 4803728231 | 6152129191 | Technologic, LLC | 792 |
| 7/29/2015 9:03:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 7/29/2015 9:04:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 7/30/2015 4:48:00 PM | 9492269198 | 6152129191 | Technologic, LLC | 6 |
| 11/5/2015 5:45:00 PM | 2027742500 | 6152129191 | Technologic, LLC | 60 |
| 3/16/2015 8:10:00 PM | 3172681137 | 6152129191 | Technologic, LLC | 318 |
| 3/19/2016 6:06:00 PM | 3132640110 | 6152129191 | Technologic, LLC | 12 |
| 3/21/2016 10:22:00 PM | 6319832588 | 6152129191 | Technologic, LLC | 246 |
| 3/22/2016 2:09:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 3/29/2016 9:02:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 126 |
| 4/5/2016 10:54:00 PM | 8562706300 | 6152129191 | Technologic, LLC | 12 |

| Date/Time | Number | Number | Company | Value |
|---|---|---|---|---|
| 4/14/2016 2:04:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 282 |
| 4/15/2016 9:05:00 PM | 9135354320 | 6152129191 | Technologic, LLC | 126 |
| 4/20/2016 4:42:00 PM | 5412006674 | 6152129191 | Technologic, LLC | 60 |
| 4/21/2016 2:16:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 144 |
| 4/27/2016 5:58:00 PM | 4805656922 | 6152129191 | Technologic, LLC | 6 |
| 5/3/2016 10:33:00 PM | 9135354320 | 6152129191 | Technologic, LLC | 60 |
| 5/3/2016 2:09:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 96 |
| 5/3/2016 3:20:00 PM | 2812155231 | 6152129191 | Technologic, LLC | 12 |
| 5/3/2016 6:42:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 5/4/2016 6:20:00 PM | 8138432660 | 6152129191 | Technologic, LLC | 12 |
| 5/7/2016 7:15:00 PM | 3367921772 | 6152129191 | Technologic, LLC | 12 |
| 5/9/2016 9:53:00 PM | 8562706300 | 6152129191 | Technologic, LLC | 378 |
| 5/13/2016 8:01:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 378 |
| 5/15/2016 7:57:00 PM | 7724791283 | 6152129191 | Technologic, LLC | 12 |
| 8/2/2016 5:26:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 8/2/2016 7:05:00 PM | 2147160059 | 6152129191 | Technologic, LLC | 12 |
| 8/9/2016 11:33:00 PM | 4693277005 | 6152129191 | Technologic, LLC | 12 |
| 8/9/2016 2:03:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 8/9/2016 6:16:00 PM | 7273251105 | 6152129191 | Technologic, LLC | 12 |
| 8/9/2016 7:20:00 PM | 8508950001 | 6152129191 | Technologic, LLC | 228 |
| 8/9/2016 7:44:00 PM | 4805656922 | 6152129191 | Technologic, LLC | 264 |
| 8/11/2016 5:42:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 228 |
| 8/11/2016 7:16:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |

Exhibit G-1 Reformatted Technologic Call Records

| date_of_call | time_of_call | fromuser | touser | account | account_billed_duration |
|---|---|---|---|---|---|
| 02/01/2015 | 3:45:00 PM | 4692707095 | 6152129191 | Technologic, LLC | 12 |
| 05/01/2015 | 4:48:00 PM | 7073462155 | 6152129191 | Technologic, LLC | 12 |
| 20/01/2015 | 11:10:00 PM | 7208623932 | 6152129191 | Technologic, LLC | 12 |
| 20/01/2015 | 9:37:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 30 |
| 21/01/2015 | 12:05:00 AM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 22/01/2015 | 9:37:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 28/01/2015 | 4:11:00 PM | 3129676070 | 6152129191 | Technologic, LLC | 12 |
| 05/02/2015 | 5:53:00 PM | 3129676070 | 6153317262 | Technologic, LLC | 12 |
| 18/02/2015 | 5:03:00 PM | 3129676070 | 6153317262 | Technologic, LLC | 12 |
| 20/02/2015 | 11:47:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 27/02/2015 | 9:47:00 PM | 7012487120 | 6152129191 | Technologic, LLC | 18 |
| 03/03/2015 | 10:17:00 PM | 4352551188 | 6153317262 | Technologic, LLC | 12 |
| 03/03/2015 | 9:04:00 PM | 4352551188 | 6153317262 | Technologic, LLC | 12 |
| 13/03/2015 | 2:23:00 PM | 9016027411 | 6152129191 | Technologic, LLC | 558 |
| 20/03/2015 | 6:21:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 1992 |
| 23/03/2015 | 3:38:00 PM | 7123087850 | 6152129191 | Technologic, LLC | 12 |
| 23/03/2015 | 3:49:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 25/03/2015 | 3:08:00 PM | 3615343292 | 6153481977 | Technologic, LLC | 12 |
| 26/03/2015 | 3:46:00 PM | 6827038279 | 6152129191 | Technologic, LLC | 12 |
| 26/03/2015 | 5:48:00 PM | 4352551188 | 6153481977 | Technologic, LLC | 120 |
| 31/03/2015 | 9:45:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 01/04/2015 | 10:17:00 PM | 6827038279 | 6153481977 | Technologic, LLC | 96 |
| 03/04/2015 | 3:50:00 PM | 6827038279 | 6153317262 | Technologic, LLC | 12 |
| 07/04/2015 | 7:39:00 PM | 6183551941 | 6152129191 | Technologic, LLC | 1332 |
| 09/04/2015 | 8:03:00 PM | 8602693408 | 6152129191 | Technologic, LLC | 12 |
| 13/04/2015 | 10:37:00 PM | 8602693408 | 6152129191 | Technologic, LLC | 12 |
| 16/04/2015 | 5:04:00 PM | 4055479050 | 6152129191 | Technologic, LLC | 12 |
| 16/04/2015 | 8:08:00 PM | 6183551943 | 6152129191 | Technologic, LLC | 24 |
| 20/04/2015 | 5:29:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 174 |
| 20/04/2015 | 5:32:00 PM | 8554752199 | 16153481977 | Technologic, LLC | 12 |
| 20/04/2015 | 5:33:00 PM | 8554752199 | 16153481977 | Technologic, LLC | 30 |
| 20/04/2015 | 7:27:00 PM | 8554752199 | 16153481977 | Technologic, LLC | 114 |
| 21/04/2015 | 9:49:00 PM | 9802230047 | 6153317262 | Technologic, LLC | 12 |
| 22/04/2015 | 10:24:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 96 |
| 23/04/2015 | 4:09:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 23/04/2015 | 5:56:00 PM | 8602693408 | 6153317262 | Technologic, LLC | 12 |
| 24/04/2015 | 3:57:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 25/04/2015 | 4:34:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 29/04/2015 | 11:21:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 30/04/2015 | 10:46:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 66 |
| 30/04/2015 | 11:40:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 48 |

| | | | | | |
|---|---|---|---|---|---:|
| 01/05/2015 | 11:08:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 54 |
| 01/05/2015 | 8:13:00 PM | 9802230047 | 6152129191 | Technologic, LLC | 12 |
| 01/05/2015 | 9:09:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 36 |
| 04/05/2015 | 10:43:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 1332 |
| 05/05/2015 | 3:54:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 12 |
| 05/05/2015 | 8:02:00 PM | 3072246596 | 6152129191 | Technologic, LLC | 318 |
| 06/05/2015 | 4:32:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 90 |
| 07/05/2015 | 10:55:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 48 |
| 07/05/2015 | 5:01:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 66 |
| 07/05/2015 | 8:49:00 PM | 8602693408 | 6153481977 | Technologic, LLC | 54 |
| 10/05/2015 | 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 78 |
| 10/05/2015 | 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 96 |
| 12/05/2015 | 10:25:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 36 |
| 12/05/2015 | 3:32:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 42 |
| 12/05/2015 | 6:16:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 60 |
| 12/05/2015 | 7:04:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 252 |
| 13/05/2015 | 10:57:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 13/05/2015 | 5:37:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 13/05/2015 | 7:46:00 PM | 7602014410 | 6152129191 | Technologic, LLC | 12 |
| 15/05/2015 | 3:53:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 72 |
| 15/05/2015 | 4:43:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 66 |
| 17/05/2015 | 10:30:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 96 |
| 17/05/2015 | 10:30:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 96 |
| 18/05/2015 | 4:49:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 90 |
| 18/05/2015 | 5:23:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 19/05/2015 | 4:10:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 858 |
| 19/05/2015 | 6:28:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 42 |
| 21/05/2015 | 5:45:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 30 |
| 21/05/2015 | 6:24:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 60 |
| 22/05/2015 | 5:31:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 42 |
| 22/05/2015 | 5:51:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 36 |
| 25/05/2015 | 7:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 25/05/2015 | 7:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 78 |
| 26/05/2015 | 5:53:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 48 |
| 26/05/2015 | 8:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 78 |
| 28/05/2015 | 3:50:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 28/05/2015 | 4:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 36 |
| 29/05/2015 | 5:41:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 12 |
| 29/05/2015 | 8:10:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 6 |
| 30/05/2015 | 8:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 30/05/2015 | 8:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 01/06/2015 | 8:07:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 42 |
| 02/06/2015 | 11:24:00 PM | 7204526477 | 6153317262 | Technologic, LLC | 1188 |

| 02/06/2015 | 4:32:00 PM | 7376669030 | 6153481977 | Technologic, LLC | 24 |
| 03/06/2015 | 11:03:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 90 |
| 03/06/2015 | 3:32:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 78 |
| 03/06/2015 | 3:33:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 66 |
| 04/06/2015 | 12:16:00 AM | 7023595643 | 6153481977 | Technologic, LLC | 30 |
| 07/06/2015 | 8:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 07/06/2015 | 8:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 24 |
| 09/06/2015 | 2:07:00 PM | 8596632951 | 6152129191 | Technologic, LLC | 468 |
| 10/06/2015 | 6:35:00 PM | 7204526477 | 6153481977 | Technologic, LLC | 96 |
| 14/06/2015 | 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 14/06/2015 | 7:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 14/06/2015 | 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 20/06/2015 | 2:08:00 PM | 7279980960 | 6152129191 | Technologic, LLC | 12 |
| 21/06/2015 | 8:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 21/06/2015 | 8:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 21/06/2015 | 8:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 24/06/2015 | 9:00:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 54 |
| 24/06/2015 | 9:00:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 18 |
| 25/06/2015 | 6:22:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 25/06/2015 | 8:11:00 PM | 3072126230 | 6152129191 | Technologic, LLC | 12 |
| 26/06/2015 | 12:01:00 AM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 26/06/2015 | 8:00:00 PM | 3073702145 | 6152129191 | Technologic, LLC | 12 |
| 28/06/2015 | 7:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 28/06/2015 | 7:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 28/06/2015 | 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 29/06/2015 | 9:18:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 30/06/2015 | 7:17:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 01/07/2015 | 8:00:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 54 |
| 01/07/2015 | 8:04:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 78 |
| 02/07/2015 | 11:03:00 PM | 7376669031 | 6152129191 | Technologic, LLC | 12 |
| 03/07/2015 | 4:20:00 PM | 7376669031 | 6152129191 | Technologic, LLC | 12 |
| 03/07/2015 | 5:39:00 PM | 5122130179 | 6152129191 | Technologic, LLC | 12 |
| 05/07/2015 | 7:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 05/07/2015 | 7:02:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 54 |
| 08/07/2015 | 11:00:00 PM | 7733626220 | 6152129191 | Technologic, LLC | 12 |
| 08/07/2015 | 11:40:00 PM | 7733626220 | 6152129191 | Technologic, LLC | 12 |
| 08/07/2015 | 4:56:00 PM | 4152756518 | 6152129191 | Technologic, LLC | 66 |
| 08/07/2015 | 5:09:00 PM | 4152756518 | 6152129191 | Technologic, LLC | 12 |
| 08/07/2015 | 8:02:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 48 |
| 08/07/2015 | 8:05:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 84 |
| 08/07/2015 | 8:05:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 84 |
| 13/07/2015 | 10:39:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 54 |
| 13/07/2015 | 10:40:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |

| | | | | | |
|---|---|---|---|---|---|
| 13/07/2015 | 9:38:00 PM | 6467661343 | 6152129191 | Technologic, LLC | 84 |
| 13/07/2015 | 9:49:00 PM | 6467661343 | 6152129191 | Technologic, LLC | 12 |
| 14/07/2015 | 12:04:00 AM | 5106940117 | 6152129191 | Technologic, LLC | 12 |
| 14/07/2015 | 12:05:00 AM | 5106940117 | 6152129191 | Technologic, LLC | 12 |
| 14/07/2015 | 9:20:00 PM | 3082213372 | 6152129191 | Technologic, LLC | 12 |
| 15/07/2015 | 10:01:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 24 |
| 15/07/2015 | 10:02:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 54 |
| 15/07/2015 | 10:06:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 15/07/2015 | 10:54:00 PM | 2629959112 | 6152129191 | Technologic, LLC | 108 |
| 15/07/2015 | 11:03:00 PM | 9172017054 | 6152129191 | Technologic, LLC | 84 |
| 17/07/2015 | 12:04:00 AM | 4152756534 | 6152129191 | Technologic, LLC | 1620 |
| 17/07/2015 | 12:17:00 AM | 4152756534 | 6152129191 | Technologic, LLC | 42 |
| 17/07/2015 | 9:55:00 PM | 2153372107 | 6152129191 | Technologic, LLC | 78 |
| 19/07/2015 | 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 19/07/2015 | 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 90 |
| 19/07/2015 | 7:03:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 24 |
| 20/07/2015 | 11:06:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 12 |
| 20/07/2015 | 11:16:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 108 |
| 21/07/2015 | 3:51:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 21/07/2015 | 4:01:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 21/07/2015 | 6:04:00 PM | 7812144465 | 6152129191 | Technologic, LLC | 12 |
| 21/07/2015 | 7:16:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 22/07/2015 | 9:00:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 84 |
| 22/07/2015 | 9:01:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 22/07/2015 | 9:03:00 PM | 7023595643 | 6153481977 | Technologic, LLC | 48 |
| 23/07/2015 | 12:35:00 AM | 9162097450 | 6152129191 | Technologic, LLC | 126 |
| 23/07/2015 | 3:35:00 PM | 6192029446 | 6152129191 | Technologic, LLC | 12 |
| 23/07/2015 | 3:37:00 PM | 9162097450 | 6152129191 | Technologic, LLC | 12 |
| 23/07/2015 | 6:03:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 90 |
| 23/07/2015 | 6:26:00 PM | 4692144006 | 6152129191 | Technologic, LLC | 12 |
| 24/07/2015 | 12:17:00 AM | 6083191127 | 6152129191 | Technologic, LLC | 60 |
| 26/07/2015 | 7:00:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 26/07/2015 | 7:01:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 12 |
| 26/07/2015 | 7:04:00 PM | 3073920546 | 6152129191 | Technologic, LLC | 18 |
| 27/07/2015 | 9:46:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 222 |
| 27/07/2015 | 9:56:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 6 |
| 28/07/2015 | 11:31:00 PM | 3053636858 | 6152129191 | Technologic, LLC | 78 |
| 29/07/2015 | 11:55:00 PM | 4803728231 | 6152129191 | Technologic, LLC | 792 |
| 29/07/2015 | 9:03:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 29/07/2015 | 9:04:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 30/07/2015 | 4:48:00 PM | 9493269198 | 6152129191 | Technologic, LLC | 6 |
| 05/11/2015 | 5:45:00 PM | 2027742500 | 6152129191 | Technologic, LLC | 60 |
| 16/03/2016 | 8:10:00 PM | 3172681137 | 6152129191 | Technologic, LLC | 318 |

| | | | | | |
|---|---|---|---|---|---|
| 19/03/2016 | 6:06:00 PM | 3132640110 | 6152129191 | Technologic, LLC | 12 |
| 21/03/2016 | 10:22:00 PM | 6319832588 | 6152129191 | Technologic, LLC | 246 |
| 22/03/2016 | 2:09:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 29/03/2016 | 9:02:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 126 |
| 05/04/2016 | 10:54:00 PM | 8562706300 | 6152129191 | Technologic, LLC | 12 |
| 14/04/2016 | 2:04:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 282 |
| 15/04/2016 | 9:05:00 PM | 9135354320 | 6152129191 | Technologic, LLC | 126 |
| 20/04/2016 | 4:42:00 PM | 5412006674 | 6152129191 | Technologic, LLC | 60 |
| 21/04/2016 | 2:16:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 144 |
| 27/04/2016 | 5:58:00 PM | 4805656922 | 6152129191 | Technologic, LLC | 6 |
| 03/05/2016 | 10:33:00 PM | 9135354320 | 6152129191 | Technologic, LLC | 60 |
| 03/05/2016 | 2:09:00 PM | 5302054445 | 6152129191 | Technologic, LLC | 96 |
| 03/05/2016 | 3:20:00 PM | 2812155231 | 6152129191 | Technologic, LLC | 12 |
| 03/05/2016 | 5:43:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 04/05/2016 | 6:20:00 PM | 8138432660 | 6152129191 | Technologic, LLC | 12 |
| 07/05/2016 | 7:15:00 PM | 3367921772 | 6152129191 | Technologic, LLC | 378 |
| 09/05/2016 | 9:53:00 PM | 8562706300 | 6152129191 | Technologic, LLC | 378 |
| 13/05/2016 | 8:01:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 15/05/2016 | 7:57:00 PM | 7724791283 | 6152129191 | Technologic, LLC | 12 |
| 02/08/2016 | 5:26:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |
| 02/08/2016 | 7:05:00 PM | 2147160059 | 6152129191 | Technologic, LLC | 12 |
| 09/08/2016 | 11:33:00 PM | 4693277005 | 6152129191 | Technologic, LLC | 12 |
| 09/08/2016 | 2:03:00 PM | 5302054441 | 6152129191 | Technologic, LLC | 12 |
| 09/08/2016 | 6:16:00 PM | 7273251105 | 6152129191 | Technologic, LLC | 12 |
| 09/08/2016 | 7:20:00 PM | 8508950001 | 6152129191 | Technologic, LLC | 228 |
| 09/08/2016 | 7:44:00 PM | 4805656922 | 6152129191 | Technologic, LLC | 264 |
| 11/08/2016 | 5:42:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 228 |
| 11/08/2016 | 7:16:00 PM | 7023595643 | 6152129191 | Technologic, LLC | 12 |

Exhibit H Paypal Receipt

## Transaction details

July 21, 2019 at 9:09:11 PM PDT   Transaction ID: 6LC0922908148780X

**Payment sent** to James Shelton

Payment Status: Completed

Payment Type: Personal Payment

Gross amount

**–$50.00 USD**

**Your Payment**

| | |
|---|---|
| **Gross Amount** | –$50.00 USD |
| **PayPal Fee** | –$1.75 USD |
| **Net Amount** | –$51.75 USD |

**Contact info**

James Shelton

The receiver of this payment is **Verified**

jamieshelton66@yahoo.com

**Payment Sent to**

jamieshelton66@yahoo.com

**Funding details**

Funding Type: Credit Card

Funding Source: –$51.75 USD – AMEX ending in x–2008

This transaction will appear on your bill as PAYPAL *JAMIESHELTO

**Need help?**

Go to the **Resolution Center** for help with this transaction, to settle a dispute or to open a claim.