IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FOR THE DISTRICT OF WYOMING   2020 JAN -6  AM 9: 54

MARGARET BOTKINS, CLERK
CHEYENNE

CRAIG CUNNINGHAM,

Plaintiff,

vs.

Case No.  19-CV-00231-F

TECHNOLOGIC USA, INC., and
JOHN/JANE DOES 1-5,

Defendants.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE AND SETTING DEADLINE TO SEEK LEAVE TO FURTHER AMEND COMPLAINT AND SHOW CAUSE WHY DOE DEFENDANTS SHOULD NOT BE DISMISSED

This matter is before the Court on Plaintiff Craig Cunningham's motion (doc. 19) for default judgment against Defendant Technologic USA, Inc. ("Technologic USA"). For the following reasons, the Court denies the motion without prejudice to Plaintiff filing an amended motion if he timely seeks and is granted leave to file a second amended complaint. For the reasons that follow, Plaintiff shall also show cause why the Doe Defendants should not be dismissed without prejudice for failure to timely serve them under Federal Rule of Civil Procedure 4(m).

*I.     Background*

Plaintiff is proceeding pro se in this case.[1]   He originally filed this action in the

Central District of California on June 27, 2019.  Doc. 1 (complaint).  Plaintiff filed his

proofs of service (and attempted service) of the summons and complaint to Technologic

USA.  Docs. 6-7.  These documents reflect personal service of the summons and complaint

to a corporate officer of the Defendant, Julie K. Bridge, in California on July 20, 2019 (doc.

6); personal service of the summons and complaint to the Defendant by hand-delivery to

Jordyn Gray at the Wyoming Secretary of State, 2020 Carey Avenue, Cheyenne, WY

82001, who certified sending the same by certified mail to Defendant's last-known, official

address (1621 Central Avenue, Cheyenne, WY 82001) on July 9, 2019 (doc. 7); and an

unsuccessful attempt to serve Defendant at 109 E. 17th Street, Suite 5039, Cheyenne, WY

where the Defendant could not be found and had no registered agent.  Doc. 7.[2]

On the Plaintiff's request, the clerk entered default against Technologic USA on

August 15, 2019.  Doc. 9.  By minute order the same day, Judge Fernando M. Olguin

required Plaintiff to move for default judgment by August 29.  Plaintiff timely did so.  Doc.

---

[1] Deposition transcripts in the record reflect Plaintiff is represented by counsel in another TCPA action pending in the Western District of Wisconsin.  However, Plaintiff asserts he is pro se in this case and does not assert he is a lawyer.  The Court therefore gives his filings liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

> [A]lthough we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]" ... the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

*Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).
[2] In his motion for default judgment, Plaintiff explains the latter address is one listed on Defendant's bank records that Plaintiff subpoenaed in another action.  Doc. 19, p. 17 of 28.

11.  On September 11, 2019, Judge Olguin ordered Plaintiff to file an amended complaint supporting personal jurisdiction over Technologic USA in the Central District of California or his complaint would be dismissed.  Doc. 12.  Plaintiff filed a supplemental notice regarding service (doc. 13); this notice shows a second unsuccessful attempt to serve Defendant on July 11, 2019, at 109 E. 17th Street, Suite 5039, Cheyenne, WY 82001 and at 1621 Central Avenue, Cheyenne.  Plaintiff also timely filed an Amended Complaint (doc. 14) and a notice regarding personal jurisdiction.  Doc. 15.  In the latter, Plaintiff requested that if Judge Olguin found a lack of personal jurisdiction, he should transfer the case to Wyoming instead of dismissing.  *Id.*

On November 5, 2019, Judge Olguin held the Central District of California lacked personal jurisdiction over Technologic USA and transferred the case to this Court.  Doc. 17.  On November 18, 2019, Plaintiff refiled his motion for default judgment.  Doc. 19.  Technologic USA has not appeared.

II.    *Analysis*

A.    *Subject-Matter and Personal Jurisdiction*

As preliminary matters, the Court must determine whether it has subject-matter jurisdiction and personal jurisdiction over the defaulted party.  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771–72 (10th Cir. 1997).  Plaintiff alleges the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because he brings claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  The U.S. Supreme Court has held state and federal courts have concurrent jurisdiction over TCPA claims.  *Mims v. Arrow Fin'l Servs., LLC,* 565 U.S. 368, 376 (2012).  Plaintiff further alleges supplemental

jurisdiction under 28 U.S.C. § 1367(a) for his state law claim under the Texas Business and Commerce Code 305.053, as the claim is so related to the TCPA claims that it forms part of the same case.  The Court concludes it has subject-matter jurisdiction over the case.

> Regarding personal jurisdiction, there are
>
> two types of personal jurisdiction: "general" (sometimes called "all-purpose") jurisdiction and "specific" (sometimes called "case-linked") jurisdiction.  For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State.

*Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017) (quotation marks and citations omitted, citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011); *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014)).  "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction." *Daimler*, 571 U.S. at 137.  *See also BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017) (a corporation's place of incorporation is one of the paradigm forums in which it is 'at home' and thus subject to general jurisdiction, citing *Daimler*).

Plaintiff alleges Wyoming is the place of incorporation for Technologic USA. Plaintiff also attaches to his motion for default judgment a printed copy of search results for Technologic USA Inc. in the Wyoming Secretary of State's online business center. Doc. 19-1 (downloaded August 27, 2019).  The record shows Defendant is a domestic profit corporation, administratively dissolved for failure to pay its registration taxes. Because Wyoming is the place of incorporation for Technologic USA, the Court has

general jurisdiction over this Defendant.  Having found general jurisdiction, the Court does

not reach whether specific jurisdiction also exists.

It further appears on the current record that Plaintiff has personally served

Technologic USA.  A corporation can be served

> in a judicial district of the United States … by delivering a copy of the
> summons and of the complaint to an officer … or any other agent authorized
> … by law to receive service of process and – if the agent is one authorized
> by statute and the statute so requires – by also mailing a copy of each to the
> defendant.

FED. R. CIV. P. 4(h)(1)(B).  The record reflects Plaintiff personally served the summons

and complaint to an officer of Technologic USA, Ms. Bridges, and neither Defendant nor

Ms. Bridges have contested that she was an officer of the company at the time she was

served.  Judge Olguin concluded she was a former officer, but this finding appears to be

based solely on the company's inactive status with the Wyoming Secretary of State.

Plaintiff contends that the company has continued to do business (doc. 19, p. 10) through

its officers and managers in California.  Doc. 14 ¶ 5.

In any case, Plaintiff also served the company through the Wyoming Secretary of

State; the Secretary of State's office mailed a copy to Defendant's last known address by

certified mail.  This appears to satisfy Rule 4's means of service by "following state law

for serving a summons … where the district court is located."  FED. R. CIV. P. 4(e)(1);

4(h)(1)(A).  Wyoming law provides that when "a business entity has no registered agent

… the entity may be served by registered or certified mail, return receipt requested,

addressed to the entity at its principal office." WYO. STAT. ANN. § 17-28-104(b).[3]

Accordingly, the Court will proceed to consider Plaintiff's motion for default judgment.

B.    *Legal Standards for Default Judgment*

Before a party obtains a default judgment, the clerk must enter default. Default is entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). In this case, the clerk entered default against Technologic USA in August. Once default is entered, the allegations in the complaint are deemed to be admitted, and the party may seek a default judgment. *See* FED. R. CIV. P. 55(b). The clerk may enter default judgment "[i]f the plaintiff' s claim is for a sum certain or a sum that can be made certain by computation," and "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). However, the decision to enter a default judgment rests in the sound discretion of the district court. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

Although the district court is allotted discretion to decide whether default judgment is appropriate, judgment should only be entered in extreme situations. As the United States Court of Appeals for the Tenth Circuit explained, a default judgment is "available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable

---

[3] The record does not contain a return receipt on the Secretary of State's mail to Defendant's principal office, but the Secretary of State's letter appears to serve much the same purpose.

delay and continued uncertainty as to his rights." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (citations omitted).

In addition, when there are multiple defendants alleged to be jointly or jointly and severally liable, the Court generally should not enter a default judgment against only one defendant until the remaining defendants are found liable. *See, e.g., Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 147–48 (10th Cir. 1985). In this case, Plaintiff names five John/Jane Does, as persons who are at present unknown to him but whom he asserts are jointly and severally liable with Technologic USA, and whose identity he apparently intended to uncover in discovery in this case. Doc. 14, Amended Complaint. Plaintiff has not voluntarily dismissed the Does, and his present motion does not explain what Plaintiff intends to do regarding his claims against the anonymous defendants.

Plaintiff shall show cause by **February 6, 2020** why the Doe Defendants should not be dismissed without prejudice for failure to identify and serve them within 90 days after Plaintiff filed the complaint. FED. R. CIV. P. 4(m).

C.    *Plaintiff's Claims Under 47 U.S.C. § 227(b) and (c)*

Plaintiff states two claims for statutory damages under the TCPA, 47 U.S.C.

§ 227.

> The Telephone Consumer Protection Act (TCPA or Act) 48 Stat. 1064, 47
> U.S.C. § 227(b)(1)(A)(iii), prohibits any person, absent the prior express
> consent of a telephone-call recipient, from "mak[ing] any call ... using any
> automatic telephone dialing system ... to any telephone number assigned to
> a paging service [or] cellular telephone service." A text message to a cellular
> telephone, it is undisputed, qualifies as a "call" within the compass of §
> 227(b)(1)(A)(iii). 768 F.3d 871, 874 (C.A.9 2014). For damages occasioned
> by conduct violating the TCPA, § 227(b)(3) authorizes a private right of
> action. A plaintiff successful in such an action may recover her "actual

monetary loss" or $500 for each violation, "whichever is greater." Damages may be trebled if "the defendant willfully or knowingly violated" the Act.

*Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 666–67 (2016), *as revised* (Feb. 9, 2016).

In this case, Plaintiff assumes the person who made the calls in question is Defendant Technologic USA, Inc.   Plaintiff alleges Defendant Technologic USA is a defunct Wyoming corporation whose sole officer and owner resides in California. However, Plaintiff attaches to the Amended Complaint (and his motion for default judgment) a list of call detail records produced by a California-based long-distance calling provider, Connexum, LLC, Am. Comp. ¶ 32) that shows "Technologic, LLC" as the calling party.  Doc. 14, Amended Complaint ¶ 24, Ex. A.   The deposition testimony Plaintiff attaches to the Amended Complaint and the motion for default judgment – from Christopher Hall (of Connexum, Am. Comp. ¶ 32) and Michael Montes (owner of a telemarketing firm, Am. Comp. ¶¶ 33-38, Ex. D to same) likewise regards "Technologic, LLC," an entity operating in Panama.  Depo. of Michael Montes in *Cunningham v. Montes et al,* Case No. 16-cv-761, W.D. Wis., dated January 14, 2019 at p. 38:6-23; 40:7-17; Doc. 19-2, Ex. F, Depo. of Christopher Hall (Connexum), taken in the same case, dated May 3, 2019, at pp. 14:16-15:18, 23-24.  Mr. Montes testified that the only representative of this entity who was located in the United States to his knowledge was a technical support contact.  *Id.*  Plaintiff alleges Mr. Montes testified he would hand-walk a check in to Technologic, but Mr. Montes rather testified he would bring his check to a Wells Fargo Bank to pay Technologic.  Montes Depo. at p. 40:20-25.

Taking the well-pled factual allegations of the Amended Complaint as true – as is required due to Technologic USA's default – Plaintiff has nonetheless neither alleged nor supplied any evidence to show how the Defendant Technologic USA, Inc. is the same entity as the Technologic, LLC that made the calls at issue.  Nor has Plaintiff pled or argued why, if Technologic USA, Inc. is a separate entity from Technologic, LLC, it should otherwise be held liable for the latter's conduct.  Wyoming law generally recognizes a corporation is a separate legal entity from its owner or related affiliates.  *See, e.g., Atlas Const. Co. v. Slater,* 746 P.2d 352, 355-56 (Wyo. 1987); *Rizas v. Vail Resorts, Inc.,* No. 08-cv-139-J, 2009 WL 10664835, at *6 (D. Wyo. Jun. 16, 2009), *recon. den'd,* 2009 WL 10664860 (D. Wyo. Aug. 11, 2009); *Medina v. Four Winds Int'l Corp.,* 111 F. Supp. 2d 1164, 1168-69 (D. Wyo. 2000).

On this basis, the Court DENIES the motion for default judgment without prejudice to Plaintiff moving for leave to file a second amended complaint that addresses the above deficiencies by **February 6, 2020.**  At this time, the Court does not reach whether Plaintiff's TCPA claims suffer other legal or factual flaws.  The Court cautions Plaintiff this is the only opportunity the Court will grant for Plaintiff to further amend his complaint and to amend his motion for default judgment.

D.    *Plaintiff's Claim Under Texas Business and Commerce Code § 305.053*

Plaintiff further brings a claim for statutory damages under Section 305.053 of the Texas Business and Commerce Code, which provides:

> a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring

an action in this state against the person who originates the communication for:

    (1) an injunction;
    (2) damages in the amount provided by this section; or
    (3) both an injunction and damages.

(b) A plaintiff who prevails in an action for damages under this section is entitled to the greater of:

    (1) $500 for each violation; or
    (2) the plaintiff's actual damages.

(c) If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of:

    (1) $1,500 for each violation; or
    (2) three times the plaintiff's actual damages.

Tex. Bus. & Com. Code Ann. § 305.053 (West).

On his present complaint and motion, Plaintiff has not shown Technologic USA made the calls at issue for his TCPA claims, and this is a prerequisite for the Texas statute. In addition, the Texas statute specifies the right of private action is "an action in this state." Plaintiff does not cite any authority permitting him to bring an action under Section 305.053 outside the State of Texas.  At this time, the Court does not reach whether this claim suffers other legal or factual flaws.  The Court DENIES the motion for default judgment on this claim, without prejudice to seeking leave to amend the allegations for the Section 305.053 claim, if Plaintiff has proper legal authority to support bringing such an action in a federal court not located in Texas.

III.   *Conclusion*

For each of the reasons above, Plaintiff's motion for default judgment (doc. 19) is DENIED without prejudice to filing an amended motion if Plaintiff is granted leave to file a second amended complaint.  Plaintiff shall have to and including **February 6, 2020** in

10

which to seek leave to file a second amended complaint, absent which the Court will dismiss this case without prejudice for failure to prosecute.

By the same date, Plaintiff shall either dismiss the Doe Defendants voluntarily or show cause why they should not be dismissed without prejudice for failure to identify and serve them within the time period provided in Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated this 6th day of January, 2020.

NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE